Bissell, J.,
delivered the opinion of the court.
The almost universal practice to pursue the defense of a criminal case to the “last ditch’’ willprobably take this case to the supreme court for ultimate determination. This circumstance removes all necessity to give other than the briefest expression to our conclusions respecting this record. Matthews, the plaintiff in error, was prosecuted for obtaining money from Mrs. Boyle by false pretenses, which is a crime under the statute. Mrs. Boyle had been the owner of some realty in Washington, which had been sold under foreclosure proceedings which were alleged to have been illegal and therefore assailable. She likewise had a supposed claim against the government for pension money due her for services and disabilities rendered and sustained by her husband in the late *457 war. Matthews was in some manner an assumed teacher and exponent of spiritualistic doctrines or those of an analogous character, and apparent^' had become acquainted with Mrs. Boyle by reason of her attendance upon his ministrations. In some way which is undisclosed Matthews' learned of Mrs. Boyle’s claims and of her desire to prosecute them for her benefit. During the trial evidence was offered which tended to show a statement by Mrs. Boyle to him of her claims and desires, and of representations by Matthews that he was in communication with an eminent lawyer in Washington, who would undertake the institution of legal .proceedings with reference to the foreclosure, and likewise prosecute her claim before the pension department, upon the payment of a fee of $150. This was a greater amount than Mrs. Boyle had, but she possessed $120, as she informed Matthews, who agreed to take that money and lend her the balance and remit the fee to the attorney in Washington, who would commence and prosecute the necessary proceedings in both matters. Of necessity the whole case turned on the proof as to whether he represented his connection with the lawyer to be as stated by Mrs. Boyle, and whether he falsely told her that he was in communication with the attorney and had received advices from him and an agreement to do the work specified for the sum named, and obtained the money on the strength of these false representations. On the conclusion of the case the court instructed the jury with reference to the statutory offense, and defined its various elements. The defendants requested some instructions, which were given and some which were refused.. None, however, were asked with reference to the right of the defendant to testify in his own behalf, >nor was the jury told the defendant was not to be prejudiced, and that no inference was to be drawn against him by reason of his failure to testify.
But two matters are urged upon our attention as constituting error. The principal one is that there was no evidence to show the making of a false representation by the defendant which would make it a statutory crime. On this point *458 the ease is argued at considerable length, and we are urged to set aside the verdict'of the jury which found Matthews guilty, because it was not justified by the testimony. We decline to interfere, for we find enough in the record to sustain the verdict of the jury, and according to the general practice in such cases it will not be disturbed.
The error laid as to the failure of the instructions to properly define the crime seems not to be well alleged. Taking the instructions as a whole they seem to fairly define the crime and to state its various elements with sufficient accuracy to advise the jury as to the law. A point is attempted to be made on the omission of the court to instruct the jury respecting the defendant’s failure to testify. It is not well taken, for the defendant asked no instruction on the subject. If the defendant desired an instruction respecting this matter, it was his duty to request it, and having failed to present one he cannot be heard to complain of the court’s neglect to give it when no reference whatever was made to the matter, either in the evidence or in the arguments of counsel.
We perceive no error in the record which necessitates the reversal of the judgment, and it will accordingly be affirmed.

Affirmed.