No. 23907.

Robert Lee Kimmel *v.* The People of the
State of Colorado.
(473 P.2d 167)

Decided August 4, 1970.

EDWARD H. SHERMAN, Public Defender, KENNETH RUSSELL, Deputy, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE McWILLIAMS delivered the opinion of the Court.

ROBERT LEE KIMMEL, hereinafter referred to as the defendant, and one Anthony Gene Dobbs were jointly charged, tried and convicted by a jury of burglary, grand larceny and conspiracy to commit each of those crimes. By this writ of error, the defendant (but not Dobbs) seeks reversal of the judgment and sentence imposed.

The major issue to be resolved is whether the trial court erred in giving, over objection, instruction No. 17 relating to the election of the defendant not to testify. That instruction reads as follows:

"The Court instructs the jury that while a statute of this state provides that a person charged with a crime may testify in his own behalf, he is under no obligation to do so, and the statute expressly provides that the defendant's election not to testify shall not create any presumption against him. And in this case the election of the defendant Robert Lee Kimmel not to testify should not be taken or considered by the jury as any evidence of his guilt or innocence."

The statute referred to in the instruction is C.R.S. 1963, 39-7-15, which in a sense is but an extension of the constitutional guaranty against self-incrimination by one accused of a crime. It is the position of the defendant,

however, that though the instruction in question has perhaps been generally regarded as helpful to the defendant who elects not to testify, such an instruction should nevertheless not be given a jury where the defendant objects thereto.

The matter thus raised is one upon which there is no Colorado authority precisely in point, though there are prior decisions of this court which shed light. In *Matthews v. People,* 6 Colo. App. 456, 41 P.839, the Court of Appeals held that it was not error for a trial court to fail to give an instruction concerning a defendant's election not to testify where none was requested, the inference being that it would be error, however, if such an instruction were requested and refused. In *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406, we held that the failure on the part of the defendant to object to the giving of an instruction concerning his election not to testify precluded review of the matter by us and in thus holding we also commented that "we find nothing in *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, which requires us to reach a different conclusion."

The question as to whether an instruction of the type with which we are here concerned may with propriety be given in the absence of a specific request therefor has been considered by numerous courts of other jurisdictions. For a collation of cases bearing on this matter, see 18 A.L.R. 3rd 1328, *et seq.*

An examination of the authority from other jurisdictions reveals a wide diversity of thought on this subject. On the one hand, by way of example, the Supreme Court of Arkansas in *Russell v. State,* 240 Ark. 97, 398 S.W.2d 213, after recognizing that its prior decisions on the point had not been "entirely harmonious," held that "the instruction ought not to be given against the wishes of the defendant . . . [I]f the accused is to have an unfettered right to testify or not to testify he should have a correlative right to say whether or not his silence should be singled out for the jury's attention."

At the other end of the spectrum of judicial expression on the point is, again by way of example, *State v. Dean,* 8 Ariz. App. 508, 447 P.2d 890. In that case, it was held that it was error not to give an instruction of the type given in the instant case where such had been requested by one of two defendants, but objected to by the other. It was in this rather contradictory setting that the trial court refused to give the instruction concerning the defendant's election not to testify. In holding that the trial court should have given the requested instruction, even though objected to by one defendant, the Court of Appeals of Arizona flatly declared "that a court may never err in giving an instruction on failure to testify, assuming the contents of the instruction itself are adequate," and citing in support of this proposition *United States v. Kelly,* 349 F.2d 720 and *Coleman v. United States,* 367 F.2d 388.

 Better practice suggest that when a defendant specifically objects to an instruction relating to his election not to testify, such should not be given a jury. But while this may be the preferred method, we are disinclined to hold that the giving of such instruction, though not requested and even though it be over objection, constitutes prejudicial error. The instruction given the jury is beneficial to the defendant in that it advised the jury that though the defendant was permitted to testify in his own behalf, he was nonetheless under no obligation to so do and — most importantly — the instruction then went on to advise the jury that the defendant's election not to testify was not to be taken or considered as any evidence of guilt. As indicated, the defendant who does not testify at trial has a *right* to such an instruction which sets forth an important procedural safeguard designed for his benefit. It would be a bit ironic if the giving of such an instruction could later somehow form the basis upon which a claim of error could be successfully predicated. We agree with

the observation of Judge Learned Hand, who in *Becher v. United States,* 5 F.2d 45 declared:

"It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity."

██ The defendant also attacks the giving of instruction No. 11 which relates to the evidentiary effect to be given the fact of possession of recently stolen property. It is claimed that the instruction "requires the defendant to prove his innocence," and in this regard counsel urges that *Attwood v. People,* 165 Colo. 345, 439 P.2d 40, dictates a reversal. *Attwood* is readily distinguishable from the instant case for the very simple reason that the faulty language in the instruction under consideration in that case is omitted from the instruction given in the instant case. We perceive no error in this regard.

██ Finally, it is argued that the evidence does not support the verdicts. Assuming for the sake of argument that the only incriminating evidence against the defendant is the possession of goods (two shotguns and one rifle) recently stolen in a burglary, such is sufficient to support a guilty verdict as to both burglary and larceny. And under the circumstances of the case, such is also sufficient to support a conviction for conspiracy to commit each of those crimes. *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912.

Judgment affirmed.

MR. JUSTICE GROVES not participating.