No. 25944
No. 26015

**The People of the State of Colorado v. Robert Donald Moen**
(526 P.2d 654)

Decided September 23, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

For the purpose of this appeal, case No. 25944 and case No. 26015 have been consolidated. In each case defendant Robert D. Moen was convicted of burglary in the first degree, 1965 Perm. Supp., C.R.S. 1963, 40-3-5. In case No. 25944, which was tried first, defendant was convicted of burglarizing an apartment at 1464 Milwaukee Street in Denver on January 21, 1972. In the other case, defendant was convicted of burglarizing an apartment at 1236 Corona Street in Denver on January 21, 1972. Essentially, the same evidence was presented in each case. Since our resolution of No. 25944 decides the legal issue raised in No. 26015, we first set out the facts of No. 25944 and discuss the issues raised therein.

## No. 25944

The victim of the crime, Mr. Law, testified that he and his wife left their apartment on the morning of the 20th of January. He returned for a half-hour lunch break at midday. His wife did not return until 6:30 p.m., at which time she called him to report a theft. He came home later that evening and discovered that a radio, penny collection, ski tickets and some food were missing from the apartment. Neither he nor his wife gave anyone permission to enter the apartment or to take these items. He testified that the burglar could have entered through an unlocked window or by forcing the door lock which had a gap between the molding and the door frame. He identified People's Exhibit A as the radio taken from his apartment.

Next, Detective Thompson testified that on January 24, 1972, he observed the defendant going door to door in the 700 block on Emerson Street in Denver. The defendant would go up to the front door of the house and try the

doorknob without ringing the doorbell or knocking. He would then look from side to side and proceed to the next house. After watching him repeat this several times, the detective drove up to the defendant and asked him what he was doing. Defendant replied that he was looking for an apartment. The detective noticed no rental signs in front of any of these residences. Defendant was taken to the police station and searched. A plastic credit card was found wedged between his shirt and belt. The card was bent with ragged edges on it. The detective testified that using a bent credit card is a rather common method of opening a locked door.

During this interrogation, the defendant consented to a search of his apartment. Detective Gross testified that pursuant to defendant's consent, he searched the apartment. There he found the radio marked as Exhibit A, a pocket watch marked as Exhibit D, a silver dollar marked as Exhibit E and a Churchill coin marked as Exhibit F.

The next witness was Mr. Holbrook. He testified that he and his wife left their apartment at 1236 Corona Street in Denver on the morning of January 21, 1972. He returned later in the day and left again. When he returned at 7:00 p.m., he discovered that his Churchill coin piece, his gold pocket watch, a silver dollar, some other coins, his wife's wedding ring, a bracelet and a smoky topaz ring were missing. Neither he nor his wife gave permission for anyone to enter their apartment or take anything from it. The watch was identified as Exhibit D, the silver dollar as Exhibit E, and the Churchill Crown as Exhibit F. Mr. Holbrook did not notice a forcible entry. The burglar could have entered through the unlocked back door.

On appeal, the defendant argues that the trial court erred (1) in admitting evidence relating to another offense for which he was not charged and (2) in denying his motion for judgment of acquittal. We find no merit in these contentions.

I.

Ordinarily, evidence tending to prove that the defendant is guilty of a crime other than the offense for which he stands charged is not admissible. There is a well

recognized exception when the evidence is that of a similar transaction and goes to the proof of intent, motive, plan, scheme or design. *Kennard v. People,* 171 Colo. 194, 465 P.2d 509; *Chasse v. People,* 119 Colo. 160, 201 P.2d 378; *Bacino v. People,* 104 Colo. 229, 90 P.2d 5; *Elliott v. People,* 56 Colo. 236, 138 P. 39. And especially is this true where the other transactions are so connected in point of time with the offense under trial and so similar in character that a plan or scheme can be imputed as to all of them. The fact that the similar transaction in question occurs after the crime charged does not exclude the same evidence. *Kennard v. People, supra.*

The material fact in issue here was whether the defendant entered the Laws' apartment and took property situated there. The evidence relating to the burglary of Holbrook's apartment was of a transaction similar in nature and closely related to the transaction upon which the defendant was being tried in point of time, in the areas where the burglaries were committed, and in the methods used in obtaining entrance. As such, this evidence was relevant to show plan, scheme or design, and the trial court committed no error in admitting it into evidence. *Clews v. People,* 151 Colo. 219, 377 P.2d 125.

The defendant contends that the following exchange constitutes reversible error:

"Court: Mr. (District Attorney), for what purpose are you offering this testimony at this time?

"District Attorney: The evidence of this other burglary is for the purpose of establishing . . .

"Defense Counsel: I object to use of that terminology."

The word "burglary" should not have been used by the district attorney, but the trial court immediately corrected this slip of the tongue and advised the jury of the correct terminology and forthwith gave the jury an oral instruction in accordance with *Stull v. People,* 140 Colo. 278, 344 P.2d 455. As to the purposes for which the evidence was admitted, there was no reversible error. *See Howe v. People,* 178 Colo. 248, 496 P.2d 1040.

## II.

■ Secondly, the defendant argues that the evidence is insufficient to support the conviction for burglary. The evidence shows, however, that a radio taken from Law's apartment on January 20, 1972 was found in defendant's apartment on January 24, 1972. The defendant offered no explanation of his exclusive possession of the stolen evidence.

We have many times held that:

"Possession of stolen goods after a burglary or theft is sufficient to warrant a conviction, unless the attending circumstances, or other evidence is such as to overcome the presumption raised by such possession, sufficient to create a reasonable doubt of the defendant's guilt." *Rueda v. People,* 141 Colo. 504, 505-06, 348 P.2d 958, 959.

Possession of the stolen articles four days after the burglary satisfies the "recent possession" requirement to sustain the conviction. *Rueda v. People, supra.* Moreover, the circumstances surrounding the arrest of the defendant and the bent credit card found in his possession which could constitute a burglary tool used for entry into the apartments all added to the evidence which the jury could consider in this case and return a verdict of guilty.

### No. 26015

Some months later, the defendant was tried in case No. 26015. There the evidence showed that Holbrook's apartment had been burglarized on January 21, 1972. Mr. Holbrook identified Exhibits D, E, and F among the missing items. All exhibits were marked the same as in the previous trial. Testimony shows that the defendant was apprehended while going door to door in the 700 block of Emerson Street. Testimony regarding the credit card found on defendant, however, was not admitted in this trial. Exhibits A, D, E, and F were found in defendant's apartment. Mr. Law testified that his apartment had been burglarized on January 20, 1972 and that Exhibit A was among the missing items.

On appeal in case No. 26015, the defendant argues that the trial court erred (1) by admitting evidence concerning the previous burglary of Mr. Law's apartment and (2) by denying

defendant's motion for judgment of acquittal. For the same reasons set out above in case No. 25944, we find these contentions without merit.

Accordingly, the judgments in both cases are affirmed.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.