## No. 25946

## The People of the State of Colorado v. Kenneth Ray Ihme
(528 P.2d 380)

Decided November 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Richard A. Anderson, Ronald Lee Miller, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant was found guilty by a jury of selling narcotic drugs and conspiracy to sell narcotic drugs. On this appeal, he mainly challenges the propriety of the trial court's ruling which permitted the presentation of evidence concerning defendant's involvement in a prior criminal transaction. This and the other grounds for reversal advanced by the defendant have no merit. The judgment of the trial court is therefore affirmed.

The offenses for which the defendant was convicted involve the sale of approximately two ounces of cocaine by defendant and two other persons to law enforcement agents Forde and Wing. Over the defendant's objection, Forde testified regarding a transaction two months earlier in which he had purchased five ounces of marijuana from defendant and another person.

The prosecution offered this evidence to show scheme, plan, intent or design. The defendant contends that it violates the

elementary rule which prohibits the use of evidence of other crimes to prove guilt of the crime charged. Moreover, he contends that this evidence does not come within the exception which permits the introduction of evidence of other crimes for the purpose of showing scheme, plan, intent or design. The trial court ruled that this evidence did come within the exception and, in accordance with the requirements of *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959), gave the jury the cautionary instructions as to the limited purpose of this evidence.

█ The rule is well-established in Colorado that evidence is not admissible which shows, or tends to show, that the accused has committed a crime wholly independent of the offense for which he is on trial. The obvious reason for the rule is to provide a fair trial and to insure that no person is convicted of an offense because he participated in some other crime. *Warford v. People,* 43 Colo. 107, 96 P. 556 (1908). *See also* 1 *Wigmore* § 194 (3d Ed. 1940). It is because of this fear of unfairly prejudicing the accused that the evidence is excluded. *See McCormick on Evidence* § 190 (2d Ed. 1972); 1 *Wharton's Criminal Evidence,* § 240 (13th Ed. 1972). *Compare, American Law Institute, Model Code of Evidence,* Rule 311 (1942).

It has been recognized, however, that the hard and fast application of this rule is unwise in certain limited situations, where exceptions have been made. Such an exception exists where the evidence of other criminal activity tends to show scheme, plan, intent or design. *People v. Lamarito,* 180 Colo. 250, 504 P.2d 661 (1972); *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972); *Bacino v. People,* 104 Colo. 229, 90 P.2d 5 (1939). It is this exception which in our view is applicable in this case.

█ The primary fact issue in this case was whether the defendant was a participant in the sale of the cocaine or whether he was merely a casual observer. The evidence that marijuana had been purchased from the defendant and another person two months before tended to show that defendant was engaged in a continuing plan, scheme, or design to sell illicit drugs.

█ In explaining the scope of this exception, it has been stated that this exception applies when the evidence shows a larger continuing plan to engage in a certain criminal activity, and it

especially applies in cases where motive, identity of the actor, and intent are in dispute. *McCormick on Evidence* § 190 (2d Ed. 1972). The evidence here tends to support the prosecution's contention that defendant, along with another, was engaged in a continuing scheme or plan to sell unlawful drugs, and that he therefore was a participant, and not a casual observer in connection with the charges being tried.

The defendant next contends that the difference and time span between the two transactions compels the court to exclude the evidence. We disagree with this contention. Here, both transactions involved the sale of illicit drugs. The fact that the prior sale involved marijuana and not cocaine is not of any significance, nor does the time span of two months make the exception inapplicable here. The prior transaction related closely to the transaction for which the defendant was being tried, and it was therefore clearly admissible for the limited purpose.

The trial judge must weigh the degree to which the two transactions are similar, the bearing of the other transaction on the issues presented at the trial of the offense charged, and the degree to which the jury would be prejudiced by the other transaction. Because of these varying considerations, the trial judge is allowed substantial discretion when he decides regarding the admissibility of such evidence. *Clews v. People,* 151 Colo. 219, 377 P.2d 125 (1962); *Perry v. People,* 116 Colo. 440, 181 P.2d 439 (1947). It is our view that the trial judge did not abuse his discretion in allowing this evidence to be submitted.

Defendant also claims that the trial judge ruled that by taking the stand he could be cross-examined as to any other offenses he had committed, even though they were not connected in any way to the charged offense. Such a ruling would be error. But a full reading of the transcript of the *in camera* hearing reveals that the trial judge made no such ruling. The *prosecution* requested the hearing to advise the defendant that they intended to cross-examine regarding the January sale, evidence of which we have above indicated was properly admissible.

The discussion during the hearing concerned the propriety of this line of questioning. At the conclusion of the hearing, the trial judge ruled that the line of questioning would be allowed. Al-

though the language he used in making this ruling was overly broad, nevertheless, when viewed in the context of the entire discussion between the trial judge and counsel, and also when viewed in light of the fact that defendant was represented by competent counsel, it is quite obvious that the parties fully understood the ruling as the trial judge intended it.

Defendant also contends that the evidence is insufficient to support his conviction. We agree with the trial court's ruling that the evidence presented fully supports the jury's verdict.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE ERICKSON concur.