No. 26431

**The People of the State of Colorado v. Floyd Orlando Martinez**

(549 P.2d 758)

Decided May 10, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, John R. Rodman, Assistant, for plaintiff-appellee.

Agee, Fann, Ewing & Goldstein, Peter A. Goldstein, for defendant-appellant.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

The appellant, Floyd O. Martinez, was convicted in a jury trial of two counts of burglary. In this appeal he assigns three errors as grounds for reversal. We affirm.

The appellant was charged by direct information. The first count alleged burglary of a dwelling at 14 West Las Animas, in Colorado Springs, Colorado, on September 17, 1973. The second count charged the appellant

with felony theft of a television set allegedly taken in the September 17th burglary. The third count charged burglary of the same dwelling on November 11, 1973. The appellant pleaded not guilty to all three counts.

Prior to trial the appellant presented to the trial court a motion to sever, for purposes of trial, counts one and two, from count three. This motion was denied.

The evidence at trial established that on or about September 17, 1973 a burglary occurred at 14 West Las Animas, in Colorado Springs. The occupant of the dwelling was recently deceased, and the dwelling was part of an estate for which Norman Short was the executor. Short testified at trial that a television set was missing after the September 17th burglary. Latent fingerprints were found on both the inside and outside of glass broken during the entry. No suspect was arrested.

On November 11, 1973, a neighbor heard a commotion near 14 West Las Animas, and saw a van being loaded with furniture. The police were called and spotted a van leaving the area of 14 West Las Animas. The van was stopped and the appellant was found in the driver's seat. Furniture was in the van which was later identified as being from the dwelling. The appellant's fingerprints matched those obtained from the September 17th burglary. He was taken into custody, and later charged as noted above. The jury returned a verdict of guilty as to both counts of burglary, and not guilty as to the theft charge.

I.

At the outset the Attorney General contends that because the appellant failed to file a motion for a new trial none of the substantive issues raised in this appeal are properly before the Court.

The appellant concedes that prior to April, 1970, a motion for new trial was required. The appellant asserts, however, that the revised Rules of Criminal Procedure, in effect at the time of this trial, which was in January, 1974, did not contain a requirement that a motion for new trial be filed. The present rules, effective in April, 1974, do expressly require a motion for new trial. Crim. P. 33.

■ Prior to 1970, the language requiring a motion for new trial was contained in Crim. P. 37 concerning the procedures for a writ of error. In 1970, this procedure was abandoned and rules pertaining to an appeal were substituted. See C.A.R. 1(c) (1970). Thus, there was no express language in any of the Rules of Criminal Procedure or Appellate Rules that required a motion for new trial. Indeed, C.A.R. 4(b) (1970) concerning appeals in criminal cases provided special time limitations for filing an appeal "[i]f a timely motion . . . for a new trial" had been made. Therefore, we agree with the appellant that a motion for new trial was not required during the relevant times of his case.

■ The case of *People v. Eades*, 187 Colo. 74, 528 P.2d 382 (1974), relied upon by the Attorney General, is not inconsistent with the

above result. In that case the issues raised which this court refused to address were not contained in a motion for new trial *nor* were timely objections made to the trial court. It is axiomatic that contemporaneous objections must be made to allegedly erroneous rulings. *Brown v. People*, 158 Colo. 561, 408 P.2d 981 (1965); *Zeiler v. People*, 157 Colo. 332, 403 P.2d 439 (1965). *See People v. Sanchez*, 180 Colo. 119, 502 P.2d 619 (1972). In the instant case contemporaneous objections were made regarding all but one of the issues raised in this appeal.

## II.

The appellant asserts that since he was acquitted of count two, the theft charge, the evidence for conviction on count one was insufficient. However, this point was never raised, by any method, in the trial court. Consequently, we do not reach that issue.

## III.

First, the appellant contends that the trial court erred in denying the motion for severance. Under Crim. P. 14 the trial court may order severance of counts. However, a ruling on a motion to sever is within the sound discretion of the trial court, *Ruark v. People*, 158 Colo. 287, 406 P.2d 91 (1965), and will not be disturbed on appeal unless that discretion is abused.

We do not believe the trial court abused its discretion here since the appellant did not show how a failure to sever the counts would prejudice him. The appellant argues that evidence admitted to prove counts one and two would prejudice the jury as to count three, and vice versa. This argument is premised on the theory that evidence relating to one burglary would not be admissible in a separate trial for the other burglary.

It is the general rule, of course, that evidence of other criminal acts may not be admitted to show guilt. *People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974); *People v. Moen*, 186 Colo. 196, 526 P.2d 654 (1974). There are exceptions, however, to the general rule. We have repeatedly held that evidence of similar criminal acts may be admitted to show a common scheme, plan, or design. *People v. Simms*, 185 Colo. 214, 523 P.2d 463 (1974); *Howe v. People*, 178 Colo. 248, 496 P.2d 1040 (1972); *Wilkinson v. People*, 170 Colo. 336, 460 P.2d 774 (1969). In *People v. Moen, supra*, evidence of one burglary was presented in a trial for another burglary. We held the evidence admissible since it "was of a transaction similar in nature and closely related to the transaction upon which the defendant was being tried in point of time, in the areas where the burglaries were committed, and in the methods used in obtaining entrance." 186 Colo. at 200, 526 P.2d at 656. Furthermore, in *Howe v. People, supra*, evidence of a theft committed 12 days prior to the theft charged was held admissible since "[t]he same *modus operandi* was used on both occasions to relieve the same victim of its property." 178 Colo. at 265, 496 P.2d at 1044. Consequently, it is apparent that in this case evi-

dence of each burglary would have been admissible even in a separate trial for the other.

The appellant is incorrect in asserting that evidence of similar crimes is admissible only when the crimes resulted in convictions. It is sufficient to introduce evidence of criminal *acts*; it is clear that the transaction need not be established beyond a reasonable doubt, *C. McCormick, Evidence* § 190 at 451 (2d ed. 1972). The trial judge here did not abuse his discretion in denying the motion for severance.

## IV.

Next, the appellant contends that the trial court improperly refused to grant a continuance, during the trial, to enable the appellant to produce a witness.

During preparation for trial, appellant asserts, it was erroneously assumed that the Kansas license plate on the van used in the November 11th burglary was F15136, when in fact the license was FI 5136. Because of this error, Kansas authorities stated that no such numerical designation existed and therefore the registered owner could not be determined. While the trial was in progress, the error was discovered and the names of the owners of the van, Mr. Israel Rowland and Mrs. Jenny Rowland, were made known to appellant's counsel.

The court granted a half day continuance to serve subpoenas on both Mr. and Mrs. Rowland. Mr. Rowland appeared and testified at trial on behalf of the defense. He informed the court that Mrs. Rowland resides in Kansas. She did not appear. Mr. Rowland testified that early in November, 1973, the van had been left by Mrs. Rowland at a shopping center because it would not start. Three days later, when she returned to pick up the van it was gone. Appellant's counsel asked for a continuance to try and produce Mrs. Rowland from Kansas for trial; this request was denied. Appellant argues that this was reversible error.

The decision to grant or deny a continuance is also a matter which rests within the sound discretion of the trial judge. *Johnson v. People*, 172 Colo. 72, 470 P.2d 37 (1970); *Moore v. People*, 164 Colo. 222, 434 P.2d 132 (1967). The trial court's discretion was not abused in this instance.

We do not believe the appellant made a sufficient offer of proof to require a continuance. The appellant only asserts that Mrs. Rowland's presence was necessary to "ascertain more detailed facts as to the disappearance of the van." As we stated in *Wafer v. People*, 175 Colo. 332, 488 P.2d 73 (1971):

"It is only where the offer of proof not only spells out that the proffered evidence is clearly definitive as to its content but is also admissible as relevant and material that it may be said that the trial court should have . . . allow[ed] counsel a reasonable time during the course of a trial to produce such evidence." 175 Colo. at 338, 488 P.2d at 75-76.

512

Furthermore, we have stated that "[t]o delay a trial for this reason, it must also be shown that this evidence was not discovered or discoverable until after the commencement of the trial." *Wafer, supra.* In this regard, we point out that the van was released by the police car pound nearly two and one-half months before trial. A copy of the auto invoice release, admitted into evidence as part of defendant's exhibit 5, shows that the car release was signed by Jenny Rowland and a Colorado Springs address was given. On the basis of the auto invoice, the appellant was able to determine who the owners of the van were and their residence. This evidence was certainly discoverable before trial. Indeed, no explanation has been offered by appellant as to why the police car pound records were not investigated earlier. Therefore, it was not error for the court to deny the motion for continuance.

The judgment is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.