The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

William T. CASPER,
Defendant–Appellant.

No. 78–780.

Colorado Court of Appeals,
Div. II.

July 31, 1980.
Rehearing Denied Sept. 18, 1980.
Certiorari Granted Dec. 8, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Robert C. Lehnert, Asst. Attys. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Denver, for defendant–appellant.

SMITH, Judge.

Defendant appeals his conviction of aggravated robbery asserting that the trial court erred in admitting testimony of a similar transaction. We reverse, and remand for a new trial.

At 6:50 p. m. on December 14, 1977, a Dependable Cleaners on South Monaco Parkway was robbed. A man entered the store, announced a stickup, and ordered one of the employees to surrender all the cash from the cash register. When the employee started to hand over all the cash and the checks from the cash register, the man ordered the employee to separate the checks from the $20 bills.

At trial, the robber was identified as a heavy–set individual who wore a tan double–breasted overcoat and a light brown woolen cap. Witnesses described him as having light brown hair with a red tint, and as being 5′ 11″ tall.

The prosecution offered evidence of a prior act ostensibly for the purpose of establishing scheme, design, and intent. Over

objection, testimony concerning a previous incident involving defendant was admitted. The evidence disclosed that at 6:50 p. m. on December 6, 1977, a man with a gun robbed a Dependable Cleaners in the Bear Valley Shopping Center. In that previous incident, the man wanted the currency but not the checks from the cash register. He was described as wearing a tan trench coat and a reddish brown wig. He was further described as having a greenish–red complexion.

In asserting that the trial court erred in permitting the introduction of evidence of the previous transaction, defendant asserts that *People v. Honey*, Colo., 596 P.2d 751 (1979) is dispositive. We agree.

In *Honey, supra*, the court held that the admission of evidence of prior criminal transactions is proper only when the procedural protections of *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959) are strictly followed. Thus, the court held, that only if three factors are established, (1) there is a valid purpose for which the evidence is offered, (2) the evidence is relevant to material issue of the case, and (3) the probative value of the evidence of the prior act, when considered in the light of the other evidence which is relative to the issue, outweighs the prejudice to the defendant which would result from the admission of the evidence of the prior transaction, will the evidence of the previous transaction be admissible. The court, citing *Stull, supra* further held, that in the event the jury is not instructed that it can consider the evidence of the prior transaction for a particular purpose, even though it satisfies the three pronged test established above, the evidence of the prior transaction may not be admitted.

■ In the case at bar, the jury was instructed that it could consider the evidence of the previous transaction for the purpose of showing "scheme, plan, design, or intent." In *Honey, supra*, the court stated, "In order for two or more acts to constitute a scheme or design, they must have a nexus or relationship with each other from which a continuous scheme or common design can be discerned." We can see no relationship between the robbery of the two Dependable Cleaners which would establish the fact that the robbery of the second one, the one at issue in the case at bar, was part of an overall scheme or course of events which included the first robbery. Scheme or design is established only when the doing of an act has, as part of its consummation, the doing of the other act. 2 *J. Wigmore, Wigmore on Evidence*, § 304 (3d. ed. 1940); *see People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974). The term "plan" is essentially synonymous with "scheme" or "design". Accordingly, we conclude that the trial court erred in admitting evidence of the prior robbery for the purpose of establishing scheme, plan or design.

■ The jury was also instructed that it could consider the evidence of the previous transaction for the purpose of establishing intent. In this case, the intent the jury must find defendant had in order to convict is the intent to rob, and if resisted, to kill, maim, or wound the person robbed or any other person. The prior transaction had no relationship to the second robbery with respect to establishing intent. In the case at bar, the intent could have been, and must have been established, if at all, from the circumstances surrounding the actual robbery. Where intent can be established by the commission of the act itself, evidence of a prior transaction to establish such intent may not be introduced. *Honey, supra.*

■ The prosecution contends that evidence of the prior transaction was admissible for the purpose of establishing identity. Although we agree that this was probably true, the People neither sought its admission for that purpose, nor did the trial court, at the time the evidence was admitted, or at the conclusion of the case, limit the jury's consideration of this evidence to that issue by an appropriate instruction. Therefore, the jury may well have considered it as probative either of issues not present or as some sort of general evidence of guilt. This is the very problem the rule is designed to prevent. *Honey, supra.*

We therefore reverse the judgment of conviction and remand the matter for a new trial.

PIERCE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting:

The court conducted an in-camera hearing and found that the following similarities existed between the two transactions in question: Both robberies took place between 6:45 and 7:00 p. m. Both were at branches of Dependable Cleaners. In each instance the robber was identified as wearing a trenchcoat, carrying a gun in his hand, and in each he demanded cash and left checks. The physical descriptions of the robber as given by witnesses were very close. Based on these findings, the trial court concluded that the similarities between the transactions of December 6 and December 14, 1977, were so substantial that prejudice to the defendant was outweighed by the probative value of the testimony about the first robbery. Therefore, the evidence was received and the jury instructed to consider it as probative of scheme, plan, design, or intent. I agree with the trial court's conclusion and therefore dissent from the majority's reversal of this conviction.

As outlined in the majority opinion, in *People v. Honey*, Colo., 596 P.2d 751 (1979), the Supreme Court specified three inquiries to be addressed by the trial court in determining if evidence of other criminal acts should be received. The defendant argues, and the majority holds, that the evidence in question here should not have been admitted because it does not clear one of these hurdles: Whether there is a "valid purpose" for which the evidence is offered.

In my view, the *Honey* test was met and it was proper to receive the evidence of the earlier robbery for the purpose of showing *modus operandi*. And, I do not agree with the majority's holding that plan, scheme or design evidence is appropriate only where the doing of the act is part of the consummation of the crime charged.

The majority indicates that it would have been proper to receive this evidence as going to the issue of identity, but that because the jury was not instructed to consider the evidence for that purpose, a new trial is necessary. Regardless of this, the similarity of the factors as to time and space present in this case makes the evidence probative on the question of plan, scheme, design, and intent: A "valid purpose." The jury was instructed that it could consider the evidence of the prior crime for this purpose.

I would affirm this judgment.