The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Keith Craig CRAWFORD,
Defendant-Appellant.

No. 77–994.

Colorado Court of Appeals,
Div. III.

April 30, 1981.

Rehearings Denied June 18, 1981.

Certiorari Denied Aug. 17, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Robert Breindel, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Keith Craig Crawford, appeals his conviction of theft over $200, claiming, *inter alia*, that the trial court erred in failing to give a tendered instruction that a defendant never has the burden of testifying, in admitting evidence of a prior transaction, and in admitting evidence procured during a warrantless search of his office. We reverse.

In 1975 and early 1976, while Crawford was managing the Pueblo Plaza Ice Arena, accounting discrepancies were discovered. Suspicion of wrongdoing became focused on him, and Ice Arena employees and Pueblo police officers conducted a surveillance at the rink. They concluded that reported income was inconsistent with the number of persons observed using the ice, and that revenue from open hockey sessions and private group rentals was not accounted for. After further investigation, police officers obtained a warrant for defendant's arrest on January 21, 1976. Prior to executing the warrant, police officers obtained permission from Crawford's employer to search an office which Crawford shared with other personnel. After arresting Crawford at the arena on that day, the officers searched the desk and file cabinets which he had used, and removed certain ice rink tickets. No warrant was obtained for these searches and seizures.

At trial, over objection, the prosecution introduced evidence that Crawford had wrongfully withheld revenues collected at an open hockey session while employed as an assistant manager of a New York ice rink in June 1975. At the time this testimony was admitted, the trial court instructed the jury to consider it only insofar as it might tend to establish intent, motive, plan, scheme, or design. At the conclusion of all the evidence, the court instructed the jury that it could consider such evidence as it might bear on issues of intent, identity, and "whether or not the defendant had a plan, scheme or design to produce a result of which the act charged in the indictment was a part." Crawford objected to this instruction on the sole ground that it unduly emphasized such evidence.

### I. Refusal of Instruction

At the close of the trial, Crawford tendered an instruction that would have told the jury "the defendant never has the burden of testifying or of offering any evidence ...." Crawford urges that the court erred in not giving this instruction.

■ A United States Supreme Court decision, *Carter v. Commonwealth of Ken-*

tucky, —— U.S. ——, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), decided after trial of this case, requires reversal here. In *Carter*, the Supreme Court held that it was error to refuse a tendered instruction containing this language:

"The defendant is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way."

The Supreme Court held that such an instruction must be given when a defendant requests it. Significant to our decision here, the court in *Carter* held that "the other trial instructions and arguments of counsel that the petitioner's jurors heard at the trial of this case were no substitute for the explicit instruction that the petitioner's lawyer requested." Thus, the fact that in this case the panel was told by the court that the defendant was not "obliged" to offer evidence, that "the burden is always on the prosecution to prove every element of the offense charge beyond a reasonable doubt[, and that] the law never imposes on the defendant in a criminal case the burden of calling any witnesses or introducing any evidence" does not, under the *Carter* holding obviate the need to give the tendered instruction. *See Kimmel v. People*, 172 Colo. 333, 473 P.2d 167 (1970).

We address certain other issues raised by Crawford which are likely to be encountered again during the retrial of this case.

## II. Similar Transaction Evidence

■ Crawford argues that evidence of the New York transaction was not admissible because no evidence was introduced by the prosecution even remotely suggesting that the two events were part of the same scheme. We do not agree.

We conclude that there was sufficient relationship between the New York incident and this event to allow receipt of the evidence of the earlier transaction. While, as Crawford argues, there must be a nexus between the two events, factors to be considered in establishing that nexus are "similarity of character and time of commission of the offense." *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). Here, the incidents are of an almost identical character and, under the circumstances of this case, the six months between the two events is not sufficient to render evidence of the earlier transaction too remote to be received in this prosecution. We reject Crawford's contention that it was necessary to prove that when he stole from the ice rink in New York, it was a first step culminating in the Colorado incident. Accordingly, we hold that evidence of the New York defalcation, if offered on retrial, may not be excluded on the basis that there was an insufficient nexus between the two events. *People v. Honey, supra. See also People v. Ray*, Colo., 626 P.2d 167 (1981). *But see People v. Casper*, Colo.App., 620 P.2d 48 (1980) (*cert. granted* December 8, 1980).

## III. Warrantless Search

■ Crawford's next contention, that the trial court erroneously permitted introduction of evidence seized from defendant's office without a warrant, is without merit. The office was shared by defendant and other employees. Thus, defendant had no legitimate expectation of privacy in the file cabinet. *See People v. Spies*, Colo., 615 P.2d 710 (1980). Moreover, defendant's employer personally authorized seizure of general ice arena records in conjunction with the police investigation. No evidence taken from defendant's desk was admitted into evidence.

Crawford's other contentions of error are either without merit, or unlikely to arise again on retrial.

The judgment is reversed and the cause remanded for a new trial.

ENOCH, C. J., concurs.

KIRSHBAUM, J., concurs in part and dissents in part.

KIRSHBAUM, Judge, concurring in part and dissenting in part.

I agree with the majority that *Carter v. Commonwealth of Kentucky*, —— U.S. ——, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), and *Kimmel v. People*, 172 Colo. 333, 473 P.2d 167 (1970), require reversal of the

judgment for the trial court's refusal of defendant's tendered instruction respecting his rights to refrain from testifying. I also agree that the evidence seized from defendant's office was properly admitted at trial.

However, I disagree with the majority's apparent holdings in Part II of the opinion that evidence of the New York transaction was properly admitted during the trial to establish a "scheme" and may not be excluded on retrial for lack of a sufficient nexus. I say "apparent" holdings because at trial the prosecution in fact offered the New York transaction to establish "common plan, scheme, design, intent and motive"— not "scheme" alone—and because the prosecution may choose to offer such evidence to show something *other* than "scheme" on retrial. In the event the evidence is elicited to establish common plan, scheme or design, the test of *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979), must be applied by the trial court. I disagree with the majority's analysis of that test and with the majority's application of such test to this case.

*People v. Honey* articulated a rule of exclusion of similar transaction evidence from criminal proceedings unless the evidence fails within certain narrowly defined exceptions. This rule, based on the recognition that any evidence of prior criminal conduct is inherently prejudicial, gives maximum effect to the principle that a defendant in a criminal case must be tried only for the offense charged, and may not be convicted as one prone to commit criminal acts. *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959); *see Stone, The Rule of Exclusion of Similar Fact Evidence: America*, 51 *Harv. L.Rev.* 988 (1938). The rule is quite different from its English common law counterpart, which reduces questions of admissibility of similar transaction evidence in criminal cases to issues of relevancy. *See Stone, The Rule of Exclusion of Similar Fact Evidence: England*, 46 *Harv.L.Rev.* 954 (1933).

It is inevitable that an exclusionary rule with specifically defined categories of exceptions will invite confusion. The adversary process will inexorably test the limits of such rule by seeking to enlarge or contract the concepts expressed by the language of the exceptions. However, I find the discussion about the exception of "common plan, scheme or design" in *People v. Honey* to be relatively clear. There, our Supreme Court stated that for two acts to constitute a common plan, scheme or design, "they must have a nexus or relationship with each other *from which a continuous scheme or a common design* can be discerned," and "must be such that they are naturally to be explained as the individual manifestations of *one general plan*." (emphasis added) *People v. Honey, supra.* Thus, to be excluded from the exclusionary rule on the basis of common plan, scheme or design, similar act evidence must be so related with the acts constituting the charged offense that the trial court, and, hence, the jury, may infer a pattern of *continuous* conduct or the crafting of a *single* plan including the different incidents by the defendant. Similarity alone can never be the touchstone of admissibility. *See People v. Ray*, Colo., 626 P.2d 167 (1981).

Although aspects of the New York transaction were indeed similar to defendant's Colorado acts, there was no contention at trial by the prosecution that the two series of events were part of any single scheme or pattern of continuous conduct. Indeed, the six-month delay and certain dissimilar features of the two series of acts in all probability would preclude such an argument in this case. I therefore conclude that proof of common plan, scheme or design did not constitute a valid purpose at trial for the admission of evidence of defendant's New York acts. *See People v. Martinez*, 190 Colo. 507, 549 P.2d 758 (1976); *People v. Moen*, 186 Colo. 196, 526 P.2d 654 (1974). Furthermore, without even reaching the question of whether any probative value would outweigh the admittedly prejudicial result, I cannot join the majority in sanctioning in advance the admission of such evidence if offered by the prosecution to show some as yet undefined "scheme."