**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Gary Lee WIEDEMER, Defendant-Appellant.**

**No. 80CA0014.**

Colorado Court of Appeals, Div. III.

Sept. 3, 1981.

Rehearing Denied Oct. 1, 1981.

Certiorari Denied March 1, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Gary Lee Wiedemer, appeals his convictions following a jury trial of aggravated robbery and committing a violent crime and the subsequent enhanced punishment under the habitual criminal statute. He alleges that the trial court erred in allowing the admission of evidence of other offenses and in denying his motion for mistrial. He also contends that the evidence was insufficient to sustain the enhanced sentencing. We affirm.

### I.

The charges against the defendant arose from a robbery of a jewelry store. At trial, over objection, the People introduced evidence that the defendant had taken part in another jewelry store robbery five weeks later. In the later robbery, the manner of conducting the robbery was strikingly similar to that charged here. Each robbery was of a small, independent, suburban jewelry

store by three men, and each occurred in the afternoon while only one salesperson was in the front sales area. In both cases, one man entered first to check for alarms and to determine the location of the most expensive jewelry. One man asked the clerk to show him something in the front display window and waited until after the window was opened to pull out a gun. Those working in the store were kept in the back of the store, lying on the floor with their hands bound behind them. The robber who remained in the back told the women victims to take off their wedding rings while another robber put the stolen items, including loose stones, in a large bag. A blue Plymouth was used in each case, and the same type of gun was used.

The trial court admitted the evidence of the subsequent robbery for the purpose of establishing plan, scheme, design, motive, intent, knowledge, or identity. Citing *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979), the defendant argues that this constituted error because the second robbery was substantially dissimilar from the instant case. We disagree. The trial court properly admitted the evidence since the "transactions are so connected in point of time with the offense under trial and so similar in character that a plan or scheme can be imputed to all of them." *People v. Ray*, Colo., 626 P.2d 167 (1981) quoting *People v. Moen*, 186 Colo. 196, 526 P.2d 654 (1974). Here, the incidents were almost identical, and the five weeks between the two is not sufficient to render the evidence inadmissible. *People v. Crawford*, Colo. App., 632 P.2d 626 (1981). The evidence is, therefore, material to the issue of identity. *People v. Casper*, Colo.App., 631 P.2d 1134 (1981).

## II.

The day after the trial began, the victim's husband informed the court that he had gone to school with one of the jurors. The court held a hearing at which the husband testified that the juror had met his wife, the victim, a few times at parties but that he and the juror were not close friends.

The defendant's motion for a mistrial was denied.

After the victim testified, the court held another hearing at which the juror testified. The trial court found that the juror "recognized what his duties were" and that the juror could "weigh the testimony of all the witnesses in a proper manner" and would be "fair and impartial, notwithstanding his knowing the one victim in this case." Again, the defendant's motion for mistrial was denied.

Although a juror's assurances that he can be fair are not dispositive, *People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976):

"[s]o long as the court is satisfied, from an examination of a prospective juror or from other evidence, that the juror will render an impartial verdict according to the evidence admitted at trial and the court's instructions of law, the court may permit the juror to serve." *People v. Gurule*, Colo., 628 P.2d 99 (1981).

Accordingly, we conclude that the trial court did not err in denying the motion for mistrial.

## III.

The defendant argues that the documents received into evidence during the sentence enhancement portion of the trial were improperly admitted because there was no testimony by the custodian of the records. The evidence included documents consisting of informations, final orders, and judgments in six prior felony counts as well as copies of Colorado State Penitentiary fingerprint cards. These documents, duly self-authenticated by a public seal, were properly admitted without oral testimony. Colorado Rules of Evidence 902; *People v. Gutierrez*, Colo., 622 P.2d 547 (1981); *People v. Tenorio*, 197 Colo. 137, 590 P.2d 952 (1979).

Defendant challenges one of the counts in the habitual criminal proceeding on the grounds that, although the judgment and sentence indicate he was represented by counsel at the time of sentencing, they

do not indicate that he was so represented at the time he entered his guilty plea. However, because the defendant has not asserted that he was without counsel when he entered his plea, he has not made the required prima facie showing that the conviction was obtained in a constitutionally invalid manner. *People v. Gutierrez, supra; People v. Roybal*, Colo., 618 P.2d 1121 (1980); *People v. Montoya*, Colo.App., 640 P.2d 234 (1981).

■ Defendant also argues that because there was no evidence regarding his identity on two of these prior convictions, he may not be sentenced as an habitual offender. We disagree. Even if the People did not prove identity on two of the six habitual offender counts, *see DeGesauldo v. People*, 147 Colo. 426, 364 P.2d 374 (1961), the four remaining counts provide a basis for sentence enhancement. Section 16–13–101(2), C.R.S.1973 (1978 Repl.Vol. 8), requires that three prior felony convictions be proven in order to adjudge a defendant an habitual criminal. Here, the People proved four prior felonies. Accordingly, there was sufficient evidence to find the defendant is an habitual criminal.

■ The defendant also argues that because some documents included offenses for which there were no convictions, they should not have been admitted. We conclude, however, that this was harmless error. *See People v. Montoya, supra; People v. Reed*, 42 Colo.App. 275, 598 P.2d 148 (1979).

Accordingly, the judgment is affirmed.

BERMAN and KIRSHBAUM, JJ., concur.