The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Gilbert Paul SANDOVAL,**
**Defendant–Appellant.**

Nos. 88CA0891, 88CA0892.

Colorado Court of Appeals,
Div. IV.

July 5, 1990.

Rehearing Denied Aug. 2, 1990.

Certiorari Denied Feb. 25, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Jonathan S. Willett and Frances Smylie Brown, Deputy State Public Defenders, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, Gilbert Paul Sandoval, appeals the judgments of conviction entered on jury verdicts finding him guilty of aggravated robbery, theft, criminal attempt to commit aggravated robbery, and menacing arising out of two transactions. We reverse and remand.

During the initial phase of the consolidated proceedings in the trial court, pursuant to motion by defense counsel and after a neurological examination by a physician, the court ordered an examination of defendant's mental condition concerning his competency to proceed. As a result of their examinations, a psychologist and a psychiatrist submitted their reports in which they reported that the defendant suffered from psychological abnormalities. Based upon the psychiatrist's report, the court found defendant to be incompetent and ordered his commitment to the Department of Institutions. None of these three reports expressed any opinion as to whether the defendant suffered from any "impaired mental condition."

Thereafter, after having been found to have been restored to competency, the defendant entered the affirmative defense of impaired mental condition. Pursuant to the prescribed statutory procedure, he was then examined on this issue by a Dr. Green who opined, in her report, that defendant did not suffer from an impaired mental condition. No supplemental or other examination was requested by the defendant.

In preparation for trial, the defendant designated, as witnesses, the physician, the psychiatrist, and the psychologist who had examined him during the competency phase. The trial court found that copies of the reports of these three designated witnesses were delivered to, or in the possession of, the prosecution.

In response to defendant's designation, the prosecution filed motions in limine to exclude evidence relating to defendant's competency and to exclude the testimony of the examining experts in the competency proceeding. The trial court granted the prosecution's motions. Therefore, the only expert allowed to testify regarding defendant's impaired mental condition was Dr. Green, who was called by the defendant.

The trial court, over defendant's objection, also granted the prosecution's motion in limine to admit evidence of similar transactions.

I.

Defendant contends that the trial court violated his constitutional right to present a defense by granting the prosecution's motion in limine disallowing defendant's use of testimony on the issue of impaired mental condition. We agree.

Impaired mental condition, as defined by § 16–8–102(2.7), C.R.S. (1989 Cum.Supp. Vol. 8A), constitutes an affirmative defense to a criminal charge; and, if the jury finds that a defendant is "not guilty" because of this condition, then the defendant is committed to the Department of Institutions until found eligible for release under prescribed statutory standards. Section 16–8–103.5, C.R.S. (1989 Cum.Supp.).

For this issue to be submitted to the jury, it must be "raised" either within the State's evidence or by the defendant's presentation of "some credible evidence on that issue." And, once so raised, it is then the burden of the prosecution to disprove

this defense beyond a reasonable doubt. *See* § 18–1–407, C.R.S. (1986 Repl.Vol. 8B).

It is a requirement of due process that a defendant be permitted to present witnesses in his behalf, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), and a trial court should give latitude in admitting evidence relating to the mental condition of a defendant. *People v. Wright*, 648 P.2d 665 (Colo.1982). However, testimony relating to an impaired mental condition defense may be excluded if the procedural requirements of §§ 16–8–103.5 and 16–8–103.6, C.R.S. (1986 Repl. Vol. 8A) are not met. *People v. Reger*, 731 P.2d 752 (Colo.App.1986).

Section 16–8–103.5, C.R.S. (1989 Cum. Supp.Vol. 8A) requires a defendant to provide the prosecution with the names, addresses, reports, and statements of persons, other than medical experts, whom the defendant intends to call as witnesses with regard to the affirmative defense of impaired mental condition. Similarly, § 16–8–103.6, C.R.S. (1989 Cum.Supp.Vol. 8A) requires the same designation and information concerning any physician or psychologist who has examined or treated the defendant for his mental condition.

Although defendant provided the prosecution with this information concerning the three named witnesses, the trial court excluded any testimony from them, apparently because they had examined defendant for competency rather than for an impaired mental condition and had submitted no reports determining the latter issue. This determination in limine was made notwithstanding the statement of defense counsel that the witnesses would *not* testify as to defendant's competency but rather, as to defendant's abnormal behavior caused by his underlying, psychological condition, including transitional psychosis, rather than by any physical abnormality. Specifically, defense counsel made an offer of proof to this effect based upon the language of the witnesses' competency reports.

Under these circumstances, we conclude that the trial court erred in granting the prosecution's motion in limine. Here, without reference to defendant's competency to proceed, these witnesses could testify that notwithstanding defendant's normal physical condition, he suffered from an abnormal mental condition. This evidence and the inferences therefrom would be probative as to whether the defendant had a condition of mind caused by mental disease or defect which prevented him from forming the culpable mental state required by the charged offense. It would assist the defendant not only in raising the issue of impaired mental condition by credible evidence at trial, but also in creating a reasonable doubt in a juror's mind that this defense had been disproved by the prosecution.

■ We disagree that the exclusion of this evidence was harmless because Dr. Green testified at the behest of the defendant and described, within her testimony, the findings of the three witnesses, as contended by the prosecution. The ultimate conclusion of Dr. Green was that the defendant did *not* suffer from an impaired mental condition. While she did testify concerning the findings, in part, of the three excluded witnesses, she discredited and disagreed with their findings based upon her own conclusions, undisputed by any other expert, and also based upon other data contained within the medical records as she interpreted them. Thus, the findings of the three excluded witnesses were presented only in part and from a negative stance.

■ Finally, we conclude that there is no legal basis for the trial court's implied conclusion that admissible medical testimony must arise out of an examination concerning precisely the issue of impaired mental condition. We find no such limitation in the provisions of §§ 16–8–103.5 or 103.6.

II.

Among the asserted errors that may arise again on retrial is the contention that the court erroneously excluded other evidence that was relevant to defendant's impaired mental condition defense. We disagree.

Pursuant to § 16–8–102(2.7), C.R.S. (1986 Repl.Vol. 8A), impaired mental condition is

defined as "a condition of mind, caused by mental disease or defect, which does not constitute insanity, but, nevertheless, prevents the person from forming a culpable mental state which is an essential element of the crime charged." However, under this statute, a mental disease or defect does not include impairment resulting from voluntary ingestion of alcohol.

 Thus, the question propounded to a witness concerning defendant's use of alcohol was properly barred because intoxication is not a factor in an impaired mental condition defense. Similarly, the question to defendant's sister concerning whether she thought defendant could distinguish right from wrong was properly excluded because that is an element of insanity and not impaired mental condition. *See* § 16–8–101(1), C.R.S. (1986 Repl.Vol. 8A). Finally, because impaired mental condition relates to defendant's mental condition at the time of the crime, the trial court properly sustained objections to questions concerning defendant's religious beliefs which had no time reference.

### III.

Another asserted error that may arise on retrial concerns defendant's contention that the trial court erred in admitting evidence of similar transactions. We perceive no error.

Evidence of similar transactions is admissible to establish plan, scheme, design, motive, intent, knowledge, or identity. *See People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979).

Here, the evidence of similar transactions was admissible because the incidents were sufficiently similar in nature and close in time to be relevant to show plan, scheme, or design. *See People v. Moen,* 186 Colo. 196, 526 P.2d 654 (1974).

Also, the evidence was relevant to the issue of identity because defendant was identified when he took his mask off during the third robbery. Furthermore, contrary to defendant's contention, he did not concede the issue of identity and, thus, identity was still an issue.

Accordingly, on retrial, if the evidentiary posture is the same, the evidence of similar transactions may be admitted.

The errors raised by defendant's own brief are either without merit or are adequately covered in his counsel's brief.

The judgment is reversed, and the cause is remanded for new trial.

TURSI and RULAND, JJ., concur.