## No. 10,708.

## DOCKERTY v. THE PEOPLE.

Decided October 1, 1923.

Plaintiff in error was convicted of taking indecent liberties with has daughter.

*Reversed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Evidence—Similar Acts.* In a prosecution for assaulting and taking indecent liberties with a female child, similar acts as to other persons cannot be shown in evidence.

2. *Evidence—Similar Offenses.* In criminal prosecutions, evidence of similar but distinct offenses, is to be admitted with great caution, and only in cases where it is clearly relevant to the issue.

3. APPEAL AND ERROR—*Evidence—No Objection.* Where no objection was made to inadmissible evidence, the error will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. John T. Shumate, Judge.*

Mr. JOHN S. STIDGER, for plaintiff in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. CHARLES M. WHITE, Assistant, for the people.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was convicted of the offense of feloniously assaulting and taking indecent liberties with his daughter Marjorie, a child of the age of fifteen years, and brings error.

The principal error assigned and argued is that evidence was admitted, over the objection of defendant, of acts of sexual intercourse between defendant and an older daughter, some months prior to the date of the offense charged.

The admission of this evidence is defended on the ground that it comes within the exception to the general rule excluding evidence of other offenses, which allows evidence of such offenses to show design, motive or intent; and that when admitted, and later by an instruction, the jury were told that it was to be considered only for the purpose above stated. The exception is well established, and it is true, as the state contends, that the exception is broadened in cases of sexual offenses. But nowhere does it appear that the conduct of a defendant with a person other than the one connected with the offense charged is admissible, even in the class of cases mentioned. Indeed, the law is settled that similar acts as to other persons cannot be shown in evidence. Wharton Criminal Evidence, (9th Ed.) § 46.

In this case the evidence to which objection is made was clearly inadmissible. The only direct testimony as to the alleged criminal acts was that of the prosecuting witness, and the defense was an absolute denial of the commission of said acts. Had there been an admission of the acts, with an attempt to explain or excuse them, the question of intent might have been presented. The testimony as to defendant's actions, if believed by the jury, would establish his guilt, both as to acts and intent. But, in addition, this testimony included declarations of the defendant which were conclusive of the purpose of the acts. There was, then, no possible reason for admitting the testimony of the other daughter.

That testimony of similar but distinct offenses compels the accused to meet charges of which the information gives no notice, tends to confuse and prejudice the jury, and so be likely to cause injustice to be done to him, is everywhere recognized; in consequence of which it is held that such evidence is to be admitted only with great caution, and in cases where it is clearly relevant to the issue. Hence, it ought not to be admitted where it is not necessary.

In *People v. Lonsdale,* 122 Mich. 388, 81 N. W. 277, it is said: "Where the intent or guilty knowledge is a necessary conclusion from the act done, proof of other offenses of a similar character is inadmissible, and violates the rule that the evidence must be confined to the issue."

The evidence in question could not have failed to prejudice the jury by inducing the belief that the defendant was a most unnatural father and capable of perpetrating this offense against his own daughter.

In *Janzen v. People,* 159 Ill. 440, 42 N. E. 862, the admission of such evidence was held error, although the court attempted to confine its application to a rebuttal of some of defendant's evidence. It is held inadmissible in *State v. La Mont,* 23 S. Dak. 174, 120 N. W. 1104; *People v. Letoile,* 31 Cal. App. 166, 159 Pac. 1057, and *State v. Gibson,* 255 Ill. 302, 29 N. E. 599, 48 L. R. A. (N. S.) 236.

The injurious consequence of the evidence is the more

apparent from the fact that there was a sharp conflict in the evidence, other members of the family testifying directly contrary to the daughter on material points. Other evidence prejudicial to the defendant, and wholly inadmissible was admitted, but as no objection was made to it, we do not consider it. Because of the error above discussed, the judgment is reversed.

.MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.