No. 22164.

GREGORY A. HUERTA *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(450 P.2d 648)

Decided February 24, 1969.

CISNEROS & HUCKEBY, RICHARD M. HUCKEBY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

PLAINTIFF in error herein referred to as "defendant" was convicted of indecent liberties (C.R.S. 1963, 40-2-32) and unnatural carnal copulation (C.R.S. 1963, 40-2-31).

His application for probation was denied and he was sentenced to concurrent terms of not less than three nor more than five years in the State Penitentiary. Defendant elected not to commence serving his sentence and has been on bail pending the outcome of this appeal.

Defendant urged several grounds for reversal. We will consider only one of defendant's specifications, that the court erred in admitting evidence of other offenses.

The information originally charged defendant with one count of indecent liberties upon a boy, Orman Lee White. Subsequent to the arraignment, at which defendant pleaded not guilty, the district attorney filed ten additional counts, two of which related to the above named boy and two of which charged defendant with unnatural carnal copulation and solicitation of unnatural carnal copulation with each of four other boys. Pleas of not guilty were entered as to all counts. Defendant filed a Motion for Relief from Prejudicial Joinder on the ground that the several counts as amended were based upon separate and distinct transactions and should be severed for trial purposes. This motion was denied.

At the conclusion of the People's opening statement, defendant then moved for dismissal of the added counts 4 through 11 relating to the four other boys, inasmuch as it appeared from the district attorney's opening statement that no proof would be offered concerning these offenses. The court then dismissed counts 4 through 11.

During the course of the trial the court permitted evidence of similar offenses committed upon the White boy. Moreover, the court permitted the district attorney, over strenuous objection of the defendant, to introduce evidence of the similar offenses with three other boys. The court initially instructed the jury orally as to the limited purpose of such evidence as follows:

"Ladies and gentlemen of the jury, you are instructed that evidence as to similar acts or offenses not too remote in time to be evidentiary is admissible for the limited purpose for which it is received and for which

you may consider it, namely, to show scheme, plan, design, motive, knowledge or identity, or any material combination of them."

At the conclusion of the evidence the court again instructed the jury as to the limited purpose of this evidence.

■ We hold that the admission of such evidence was prejudicial error and contrary to the law of this state as enunciated in *Dockerty v. People,* 74 Colo. 113, 219 P.220. In *Dockerty* defendant was convicted of assaulting and taking indecent liberties with his fifteen-year-old daughter and evidence was admitted concerning sexual acts committed by defendant upon another daughter. This was held to be prejudicial error, the court stating as follows:

"The admission of this evidence is defended on the ground that it comes within the exception to the general rule excluding evidence of other offenses, which allows evidence of such offenses to show design, motive or intent; and that when admitted, and later by an instruction, the jury were told that it was to be considered only for the purpose above stated. The exception is well established, and it is true, as the state contends, that the exception is broadened in cases of sexual offenses. *But nowhere does it appear that the conduct of a defendant with a person other than the one connected with the offense charged is admissible, even in the class of cases mentioned.* Indeed, the law is settled that similar acts as to other persons cannot be shown in evidence. * * *

"That testimony of similar but distinct offenses compels the accused to meet charges of which the information gives no notice, tends to confuse and prejudice the jury, and so be likely to cause injustice to be done to him, is everywhere recognized; in consequence of which it is held that such evidence is to be admitted only with great caution, and in cases where it is clearly relevant to the issue. Hence, it ought not to be admitted where it is not necessary.

"In *People v. Lonsdale,* 122 Mich. 388, 81 N.W. 277, it is said: 'Where the intent or guilty knowledge is a necessary conclusion from the act done, proof of other offenses of a similar character is inadmissible, and violates the rule that the evidence must be confined to the issue.' " (Emphasis added.)

In the instant case the court admitted, and properly so, evidence of similar offenses committed upon the same person, as charged in counts 1, 2 and 3 of the information. It was clearly unnecessary to admit evidence of similar transactions with three other persons. . No valid or persuasive reason has been advanced to justify a departure from the rule heretofore adhered to.

In view of our holding it is unnecessary to discuss the other grounds for reversal relied upon by defendant.

The judgment is reversed and the cause remanded for new trial consonant with the views expressed herein.

MR. JUSTICE DAY and MR. JUSTICE GROVES concur.

MR. CHIEF JUSTICE MCWILLIAMS concurs in the result.

Mr. Chief Justice McWilliams concurring in the result:

I concur in the result reached by the majority for the reason that in my opinion the trial court erred in admitting into evidence testimony tending to show that the defendant committed an act of indecent liberties other than the act for which he was then on trial with one other than the complaining witness some seven years prior to the date alleged in the information. From the standpoint of time alone, such evidence is so unrelated to the offense for which the defendant was then on trial as to render it inadmissible.

I do not however subscribe to the broad, all-inclusive interpretation given by the majority to *Dockerty v. People,* 74 Colo. 113, 219 P.220. The majority seem to construe the *Dockerty* case as precluding evidence of a similar offense in a sex case if such offense is committed

on or with one *other* than the prosecuting witness *regardless* of the similarity of the circumstances. Such in my view is not the *holding* in *Dockerty*, though I concede that there is language to that effect. Of more importance, in my opinion such is not the law.

As I see it, evidence of a similar offense in a sex case is admissible, even though the act be with one *other* than the prosecuting witness, under certain circumstances. Certainly such would be admissible if it arises out of the same common transaction which forms the basis for the criminal prosecution. And such evidence is also admissible if the acts have a reasonably close relation in scheme and pattern and in time to the crime charged. In support of my position on this matter see Wharton's Criminal Evidence §242 (12th ed. R. Anderson 1955) and 77 A.L.R. 2d. 841.