**No. C-1570**

**David Pigford v. The People of the State of Colorado**

(593 P.2d 354)

Decided April 9, 1979.                    Rehearing denied April 30, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Ilene P. Buchalter, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Anthony M. Marquez, Assistant, for respondent.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The Petitioner (defendant) appeals the decision of the court of appeals which upheld his convictions for first-degree burglary, section 18-4-202, C.R.S. 1973, and criminal attempt to commit first-degree sexual assault, section 18-2-101, C.R.S. 1973. We affirm.

For a detailed recitation of the facts in this case, see the decision of the court of appeals, *People v. Pigford,* 40 Colo. App. 523, 580 P.2d 820 (1978). Briefly stated, the defendant allegedly entered the apartment of, and attempted to sexually assault, the victim. In the subsequent trial, the People offered into evidence testimony of another woman who had been the victim of a similar sexual assault by the defendant.

The defendant bases his appeal on two grounds: first, that the testimony of prior sexual offenses with third parties is not admissible under any circumstances; second, that even if such testimony could be admitted under section 16-10-301, C.R.S. 1973 (1978 Repl. Vol. 8), the prior criminal act in this case was not sufficiently similar to the offense for which the

defendant was tried.

The first issue is whether evidence of prior sexual criminal acts with persons other than the victim is admissible in a prosecution for a sexual offense. Under the common law rule, we have held such evidence to be inadmissible. *Huerta v. People,* 168 Colo. 276, 450 P.2d 648 (1969); *Dockerty v. People,* 74 Colo. 113, 219 P. 220 (1923).

However, in 1975 the legislature enacted section 16-10-301, C.R.S. 1973, which provides in part:

"(1) In criminal prosecutions brought under part 4 of article 3 of title 18, C.R.S. 1973 [Unlawful Sexual Behavior], the prosecution may, subject to the provisions of this part 3, introduce evidence of other, similar acts or transactions of the defendant for the purpose of showing a common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or intent."

The interplay of common law and a subsequent statute on the same subject is governed by well-defined principles. Legislative acts in derogation of the common law will be strictly construed to restrict the provisions to the clear intent of the legislature. *Board of County Commissioners of Pitkin County v. Pfeifer,* 190 Colo. 275, 546 P.2d 946 (1976); *Stowell v. People,* 104 Colo. 255, 90 P.2d 520 (1939). In addition, criminal statutes must be strictly construed in favor of the accused. *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977). However, legislative intent which is clearly expressed must be given effect. *Alvarez v. District Court in and for the City and County of Denver,* 186 Colo. 37, 525 P.2d 1131 (1974).

In determining the legislative intent in the enactment of this statute, we first note that the general rule at common law was that evidence of similar acts or transactions not directly related to the issue in controversy was inadmissible. An exception to this rule allowed the admission of such evidence if it was probative of intent, scheme, or motive. However, in *Huerta, supra,* we held that evidence of prior sexual offenses with persons other than the victim was not admissible under any circumstances.

In his concurring opinion in *Huerta,* Chief Justice McWilliams stated that the opinion of the court constricted the exception for the admissibility of prior transactions too narrowly. He stated that there were circumstances under which similar offenses with third parties should be admissible "[A]nd such evidence is also admissible if the acts have a reasonably close relation in scheme and pattern and in time to the crime charged."

Section 16-10-301, C.R.S. 1973, is a clear statement of the legislative intent to change the common law as set out in *Huerta,* and to codify the view expressed by Chief Justice McWilliams in his concurring opinion. The statute specifically encompasses sexual offenses and draws no distinction between prior offenses with the present victim and those with

third parties. If the similar acts or transactions are probative of a common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or intent, the statute provides for its admissibility.[1]

In so doing, the legislature has placed Colorado with those jurisdictions that in prosecutions for sexual offenses have allowed evidence of similar acts or transactions with other persons. *E. Cleary & J. Strong, Evidence* 241 (2d ed. 1975). For example, the Supreme Court of California has recently held that, although evidence of prior sexual offenses committed upon persons other than the prosecuting witness is often unreliable and difficult to prove, it is nonetheless admissible to show common design if the prior offenses are not too remote in time, are similar to the offense charged, and are committed upon persons similar to the prosecuting witness. *People v. Thomas,* 20 Cal.3d 457, 573 P.2d 433, 143 Cal. Rptr. 215 (1978). Similar decisions can be found in other states. *State v. Hampton,* 215 Kan. 907, 529 P.2d 127 (1974); *Jett v. State,* 525 P.2d 1247 (Okla. Crim. 1974); *Allan v. State,* 92 Nev. 318, 549 P.2d 1402 (1976); *State v. Thomas,* 110 Ariz. 106, 515 P.2d 851 (1973).

Prior similar acts or transactions can be admitted only if the applicable statutory standards are met. These standards are set out in section 16-10-301(2), C.R.S. 1973:

"(2) . . . The burden shall be on the prosecution to show the relevancy of evidence if objection to introduction of said evidence has been made. The trial court shall determine whether or not the evidence offered is relevant and, if relevant, whether or not the prejudice which would result to the defendant by the introduction of the evidence outweighs the evidentiary value of the evidence."

■ The defendant contends that the prior offense in this case was not sufficiently similar to be relevant to the offense for which he was tried. The rule in resolving such a contention is that the trial court has substantial discretion in deciding the admissibility of evidence of a prior criminal transaction. *People v. Ihme,* 187 Colo. 48, 528 P.2d 380 (1974). Only where there is an abuse of discretion will the ruling of the trial court be disturbed.

■ In *People v. Moen,* 186 Colo. 196, 526 P.2d 654 (1974), we held that evidence of a prior burglary by the defendant was admissible in a burglary prosecution because the acts were closely related in time, in the areas in which the offenses occurred, and in the methods used to obtain entry. All those similarities are present in the instant case, as well as the existence of the same type of victim — a recent acquaintance — and the

---

[1] Of course, a cautionary instruction should be given to the jury, both at the time the evidence is admitted and at the time the case is submitted to the jury, that the evidence is being admitted for a limited purpose and, as such, the jury should restrict its consideration of the evidence to that purpose. *See Colo. J.I.* (Crim.) 4:2.

threat of violence. Given these similarities, we cannot hold that the trial court abused its discretion in finding that the prior transaction was relevant. We agree with the court of appeals that the trial court did not err in admitting the challenged testimony.

Accordingly, the decision of the court of appeals upholding the conviction of the defendant is affirmed.