The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Martin Lee ROSS, Defendant-Appellant.

No. 85CA0605.

Colorado Court of Appeals, Div. III.

Aug. 20, 1987.

Rehearing Denied Sept. 24, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Chief Appellate Deputy, Denver, for defendant-appellant.

VAN CISE, Judge.

Premised principally on the report of a 13–year-old girl that defendant, Martin Lee Ross, had entered her trailer at 5 a.m. on June 30, 1984, and sexually assaulted her, a jury found him guilty of second degree burglary and sexual assault on a child. He appeals the judgment of conviction, and we reverse.

## I.

Defendant contends that the trial court erred in permitting, over defense objections, a police officer to testify that, in his opinion, the girl told the truth when she told him about the assault. We agree that this was error.

There were no eyewitnesses to the alleged unlawful entry and sexual assault other than the defendant and the girl, and she waited for a month and a half before reporting it to her social worker. After the girl testified at the trial, the defendant called several witnesses in an attempt to show that the girl was an untruthful person.

In rebuttal, the People called the investigating police officer to the stand. During his testimony, the following exchange took place:

"District Attorney: Based on your education, training and experience as an investigator and your relationship with [the girl], do you have an opinion as to whether or not she's telling the truth about this?

Police Officer: From the beginning of the investigation until her testimony yesterday, she has been conclusive in everything she told me from the very beginning.

District Attorney: Is she being truthful?

Police Officer: Yes, sir, I believe she is."

Once a witness' character for truthfulness has been attacked, as the girl's was here, opposing counsel may present rebuttal evidence of truthful character. *See* CRE 608(a); *Honey v. People*, 713 P.2d 1300 (Colo.1986). "However, neither a lay nor expert witness may give opinion testimony as to whether a witness is telling the truth on a specific occasion." *People v. Koon*, 713 P.2d 410 (Colo.App.1985). *See also Tevlin v. People*, 715 P.2d 338 (Colo. 1986).

Here, the police officer was not testifying as to the victim's general character for truthfulness, but as to the victim's truthfulness on the specific occasion of his investigation of the crime. Therefore, admission of the testimony was error.

The People, however, argue that any error by the trial court was harmless. We disagree.

Crim.P. 52(a) defines harmless error as error "which does not affect the substantial rights" of the defendant. Under this rule, error in a criminal trial will be disregarded if there is not a reasonable possibility that the error contributed to the defendant's conviction. *People v. Taylor*, 197 Colo. 161, 591 P.2d 1017 (1979).

Here, there was no medical or other physical evidence that a sexual assault occurred nor any third-party eyewitness testimony to the alleged unlawful entry or sexual assault. Hence, the girl's and defendant's credibility was the central issue for the jury to resolve in determining whether the entry or sexual assault occurred. The police officer's testimony was directed at this issue. Furthermore, the police officer was the last witness to testify, and so the timing of his testimony increased its impact. We conclude that the impermissible opinion testimony could have affected the outcome of the trial. Therefore, we cannot deem it harmless. *See People v. Koon*, 724 P.2d 1367 (Colo.App.1986). The judgment of conviction must be reversed.

## II.

Because a new trial is necessary, we address defendant's remaining contentions which are likely to arise on retrial.

## A.

At the time of the alleged assault, the girl was receiving group counseling for incest from a social worker at Adams County Department of Social Services. It was at the last group therapy session that the girl told her social worker about the incident.

During the discovery process before trial, defense counsel obtained access to the Social Services Department records, but the judge ultimately assigned to try the case granted the People's motion to preclude any evidence obtained from that access.

Defense counsel made an offer of proof that he intended to introduce the records to show both prior inconsistent statements by the girl to her social worker and the social worker's conclusion that the girl's story was merely an attention-getting device. The People countered that the records were confidential and the statements to the social worker were privileged under

§ 12–63.5–115, C.R.S. (1985 Repl. Vol. 5) and § 19–10–115, C.R.S. (1978 Repl. Vol. 8). The trial court agreed with the People, refused to examine the records, and barred defense counsel from presenting the testimony of the girl's social worker or the records themselves.

■ Defendant contends that the trial court erred in failing to hold an *in camera* hearing to examine the records before deciding their admissibility and in refusing to permit the defense to use evidence derived from the reports if otherwise admissible. We agree.

Section 12–63.5–115(1) creates a privilege between a social worker and her client barring the disclosure of any communication by the client or advice given by the social worker in the course of professional employment. The privilege does not extend so far as to prohibit compelled disclosure in a sexual assault case. Rather, the statute provides in pertinent part:

> "(2) No ... social worker may be compelled to disclose any information he may have acquired from a person consulting him in his professional capacity, unless:
>
> . . . .
>
> "(c) The person is a child under the age of sixteen years and the information acquired indicated that the child was the victim or subject of a crime; whereupon, the ... social worker may be required to testify fully in relation thereto upon any examination, trial or other proceeding in which the commission of such crime is a subject of inquiry...."

Section 19–10–115 also creates an incomplete privilege. In § 19–10–115(1), the reports of child abuse and neglect and any identifying information contained therein are declared to be confidential and not to be public information. However, § 19–10–115(2) then provides:

> "Only the following persons or agencies shall be given access to child abuse or neglect records and reports:
>
> . . . .
>
> "(f) A court, upon its finding that access to such records may be necessary for

determination of an issue before such court, but such access shall be limited to in camera inspection unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it."

From the offer of proof, the trial court should have made the preliminary finding that access may be necessary. It should then have inspected the records to determine whether public disclosure was necessary in the interest of a fair trial for the accused. On retrial, this procedure should be followed.

### B.

■ We also agree with defendant that the trial court erred in allowing the People to suggest, through cross-examination of a witness, that the girl was telling the truth about the assault.

On direct examination by the defense, a friend of the girl, another 13-year-old, testified that, in her opinion, the girl was an untruthful person. Upon cross-examination, the People elicited from the witness that neither she nor other girls would fabricate a sexual assault claim, because such a claim was very serious and something to be truthful about.

Whether the witness or her friends would fabricate a sexual assault claim was irrelevant; it had no bearing on whether or not the victim was credible. CRE 401; *People v. Carlson*, 677 P.2d 390 (Colo.App. 1983).

The judgment is reversed and the cause is remanded for a new trial.

TURSI and CRISWELL, JJ., concur.