The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Tyrone Scott GUILBEAUX,
Defendant–Appellant.

No. 86CA0416.

Colorado Court of Appeals,
Div. VI.

April 14, 1988.

As Modified on Denial of Rehearing
May 19, 1988.

Certiorari Denied Sept. 19, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Krikscuin, Asst. Atty. Gen., Denver, for plaintiff–appellee.

David F. Vela, Colorado State Public Defender, Jonathan S. Willett, Deputy State Public Defender, Denver, for defendant–appellant.

WILSON, Judge *.

Defendant, Tyrone Scott Guilbeaux, appeals the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We reverse.

This prosecution was initiated after defendant's daughter, age six, described to her mother an incident involving defendant that occurred when she was three or four. At her mother's request, the child drew a picture illustrating what had happened, which appeared to be an act of fellatio.

## I.

Defendant contends that error occurred in allowing witnesses to express their opinions relative to the truthfulness of the victim and defendant about the specific occasion.

■ The prosecution called a doctor as an expert, and he was allowed to testify, over defendant's objection, that in his opinion the child was telling the truth with regard to the particular incident. We

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

agree that admission of this testimony was error.

Neither a lay nor expert witness may give opinion testimony with respect to whether a witness is telling the truth on a specific occasion. *Tevlin v. People*, 715 P.2d 338 (Colo.1986); *People v. Ross*, 745 P.2d 277 (Colo.App.1987).

Defendant also called a doctor as an expert, and she was allowed to testify that, in her opinion, defendant was telling the truth about the specific occasion. This also was error. *People v. Ross, supra.*

■ The People argue that admission of the opinion testimony of both experts was harmless, because it balanced error against error. We disagree.

For an error in an evidentiary ruling to require reversal, defendant must show that it substantially influenced the verdict or affected the fairness of the proceedings. *People v. Jensen*, 747 P.2d 1247 (Colo. 1987). We conclude that showing has been made here.

Both the child's and defendant's credibility were material issues for determination by the jury in reaching its verdict. The inadmissible evidence may well have affected the decision of the jury and contributed to defendant's conviction. Therefore, the error cannot be deemed harmless. *People v. Ross, supra.*

## II.

Defendant further contends that the court erred in admitting testimony of two of the victim's young female cousins as to prior similar acts or occurrences. We agree.

Evidence of similar acts may be admitted if it is relevant and its evidentiary value outweighs the danger of prejudice to defendant. Section 16–10–301, C.R.S. (1986 Repl. Vol. 8A). This is particularly true in sexual assault cases. *See People v. Montoya*, 703 P.2d 606 (Colo.App.1985).

and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

The trial court must make findings as to whether there is a valid purpose for which evidence is offered and must determine evidentiary value as opposed to possible prejudice. *See People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). Here, the trial court failed to make such findings.

To be admissible, similar acts must be probative of common plan, scheme, design, identity, *modus operandi*, motive, guilty knowledge, or intent. *Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979).

In evaluating the admissibility of similar transaction evidence, the trial court must consider the remoteness in time of the acts, the strength of the evidence as to the commission of the acts, the similarities between the acts, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence will rouse the jury to overmastering hostility. *See People v. Adrian*, 744 P.2d 768 (Colo.App. 1987).

■ Here, one of the alleged acts occurred more than three years before it was reported. As to the other alleged act, it occurred more than eight years before it was reported. Further, the acts were dissimilar in the manner in which the children were induced to participate, in the type of sexual contact, and in the relationship of the children to defendant.

The court admitted the challenged testimony for the purpose of showing identity, intent, and a scheme to exploit young girls. Of these purported purposes, identity was not in issue and intent was a necessary conclusion from the act done; hence, the only purpose that could serve as a proper basis for the evidence is to show a common scheme. *See Huerta v. People*, 168 Colo. 276, 450 P.2d 648 (1969). The only similarity between the other acts and the charged offense is the alleged accomplishment of the acts and the ages of the girls.

Under these circumstances, we conclude the prejudicial effect of the evidence of these other incidents substantially outweighs its probative value, and to admit it was an abuse of discretion.

## III.

Defendant also contends that the admission of an exhibit was error. We agree that such exhibit should not be admitted on retrial.

■ One of the prosecution's exhibits was the drawing which the victim made at the request of her mother to illustrate what defendant had made her do. It was made Feburary 21, 1985, the same night the child told her mother about the incident. On February 28, 1985, the child's mother showed the picture to a detective and explained to him what the child had told her about it. The child, herself, did not explain the picture to the detective. The detective made a photocopy of the drawing and then labeled certain parts from his memory of what the child's mother had told him. This augmented copy became an exhibit that was admitted over defendant's objection. The child's mother testified that there were inconsistencies between what she told the detective and the labels that he had placed on the challenged exhibit.

This exhibit embodies hearsay within hearsay. Hearsay within hearsay is admissible only if each part of the combined statement conforms to an exception to the hearsay rule. CRE 805.

The statements made by the child to her mother were admissible. Section 13–25–129, C.R.S. (1987 Repl. Vol. 6A). But, the copy based upon the mother's statements to the detective would be admissible only if it conforms to an exception to the hearsay rule. *See* CRE 805. However, the People argue that CRE 803(24) creates an exception to the hearsay rule which renders the challenged exhibit admissible. We disagree.

For a hearsay statement to be admissible under CRE 803(24) the court must determine that: "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of the rules of evidence and the interests of justice will best be served by

admission of the statement into evidence." *See Oldsen v. People,* 732 P.2d 1132 (Colo. 1987). The court made no such determinations. The child and her mother both testified at trial and were available throughout, and the child's original drawing was in evidence.

Further, the mother could not adopt the challenged exhibit as her own statement or as a correct representation because of the inconsistencies. Thus, admission of the exhibit was prejudicial error, and it should not be admitted on retrial.

We find no merit in the other alleged errors.

The judgment is reversed and the cause is remanded for a new trial.

SILVERSTEIN and BINDER, JJ. **, concur.

** Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol.10).