**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Levi AYALA, Defendant–Appellant.**

**No. 93CA1992.**

Colorado Court of Appeals,
Div. V.

Oct. 19, 1995.

As Modified on Denial of Rehearing
Nov. 24, 1995.

Certiorari Denied June 17, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Lauren A. Edelstein, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Levi Ayala, appeals the judgment of conviction entered upon a jury ver-

dict finding him guilty of one count of distribution of cocaine. We affirm.

On May 18, 1990, a police officer, a police informant, and a liquor code enforcement officer entered a bar to discover whether there were any liquor law violations or illegal drug transactions occurring. The informant introduced defendant to the police officer indicating that defendant could provide the officer with cocaine. The police officer then allegedly purchased a gram of cocaine from defendant. Both the police officer and the informant testified for the prosecution in its case in chief.

### I.

Defendant contends that the trial court erred in admitting reputation and opinion testimony of the police officer supporting the credibility of the police informant. We agree with respect to the reputation testimony, but conclude that the error does not require reversal, and we disagree with respect to the opinion evidence.

■ In general, evidence of a person's character or character traits may not be admitted to show that the person acted in conformity therewith. CRE 404(a); *People v. Gaffney*, 769 P.2d 1081 (Colo.1989). However, evidence in the form of reputation or opinion concerning a witness' character for truthfulness may be introduced to support the credibility of the person when the witness' character for truthfulness has been attacked. *See* CRE 404(a)(3); CRE 405(a); and CRE 608(a).

Specifically, CRE 608(a) provides:

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

### A. Reputation Evidence

The prosecution called the police officer as a rebuttal witness, and he testified as to the reputation of the informant as follows:

Q: Detective ... with respect to [the informant], your testimony earlier—and you correct me if I'm wrong—was that you had worked with him on at least ten separate occasions as his supervising agent, if you will; and that he had worked both for the Thornton Police Department and for the North–Metro Drug Task Force; is that correct?

A: Yes, I did.

Q: If you know, can you tell the jury what [the informant's] reputation is for truthfulness, among those organizations?

A: [The informant] has been a very fine informant. He's well-thought of with—

[Defense Counsel]: Your Honor, I object to that.

THE COURT: Sustained as to the—the question—

Q: [Prosecutor] The question is, what is his reputation among those agencies, if you know, for truthfulness?

A: He has a very good reputation.

Q: For truthfulness?

A: That's correct.

■ Defendant contends that the police officer did not have an adequate basis upon which to testify as to the informant's reputation for truthfulness in a recognized community. We agree, but conclude that the error was harmless.

■ Reputation testimony may be based on what the witness has heard in the community regarding the person's character. *See Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *People v. Erickson*, 883 P.2d 511 (Colo.App.1994).

■ The "community" may encompass the person's neighborhood, work, or social community. *See COLJI–Crim.* No. 4:08 (1983); 1 J. Strong, *McCormick on Evidence* § 43 at 159 (4th ed. 1992) ("[T]oday it is generally agreed that proof may be made not only of the reputation of the witness where he lives, but also of his repute, as long as it is 'gener-

al' and established, in any substantial community of people among whom he is well known, such as a group with whom he works, does business or goes to school.").

■ The key requirement that may be drawn from these authorities is that reputation testimony must be based on opinion held generally in a broad community. Reputation is distinguished from rumor in that it must be established over a period of time. *People v. Erickson, supra;* 5 J. Wigmore, *Evidence* §§ 1611–12 (Chadbourn rev. 1974).

Several courts that have addressed the issue of whether a police officer may testify about the reputation of a witness who is associated with the criminal justice system have disallowed such testimony on the basis that the criminal justice system is not a recognized or general community. *See State v. Lord,* 117 Wash.2d 829, 822 P.2d 177 (1991), *cert. denied,* 506 U.S. 856, 113 S.Ct. 164, 121 L.Ed.2d 112 (1992); *Parker v. State,* 458 So.2d 750, 754 (Fla.1984), *cert. denied,* 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985) ("[W]e do not agree that the criminal justice system is either neutral enough or generalized enough to be classed as a community or that an officer in that system is equipped to provide an unbiased and reliable evaluation of an inmate's general reputation for truth-telling.").

Here, the police officer's reputation testimony was based solely on the informant's role as a confidential informant for two police organizations. The informant, who was paid $3000 for his help, agreed to become a police informant to avoid prosecution for possession of eleven ounces of cocaine, and to avoid possible deportation. Thus, he had a strong incentive to cooperate with the police and to testify in support of the prosecution. In addition, under the circumstances, the police officer's opinion is not neutral, that is, the police officer has a powerful inducement to testify favorably concerning the informant's reputation.

We agree that, under these circumstances, the informant's association with the police organizations did not form a sufficient community upon which reputation testimony, which is general and established in nature, may be based. Therefore, we conclude that the police officer's testimony concerning the informant's reputation for truthfulness should have been excluded.

■ In this instance, however, the police officer's testimony concerning the informant's reputation was brief and conclusory. The defendant was permitted to cross-examine the police officer concerning a prior case in which the informant had participated and the defendant had been acquitted. The impact of the reputation testimony was minimized because, as more fully discussed below, the trial court did not err in permitting the police officer to testify regarding his opinion of the informant's general character for truthfulness. In addition, the testimony of both the police officer and the informant was generally consistent as to what transpired with respect to the transaction and what inconsistencies did exist did not go to identity or whether the transaction occurred.

Therefore, we conclude that the police officer's reputation testimony did not substantially influence the verdict or adversely affect the fairness of the proceedings. Hence, the error in admitting the testimony was harmless. *See People v. Jensen,* 747 P.2d 1247 (Colo.1987); *People v. Gaffney, supra.*

### B. Opinion Evidence

The prosecution also elicited the police officer's opinion regarding the informant's character for truthfulness as follows:

Q: Okay. Detective ... do you have an opinion, having worked with [the informant], the number of times that you have, as to his character for truthfulness?

A: He's always been truthful—

[Defense Counsel]: Your Honor, I'm going to object to that also. I think the question has been asked and answered. I think that's what the rule provides for.

THE COURT: The Court will allow you. You may answer the question.

Q: [Prosecutor] Detective ... my question is, general character for truthfulness, do you have an opinion as to [the informant's] general character for truthfulness?

A: [The informant] has always been truthful in his dealings with myself and the task force.

Defendant contends that the police officer's opinion testimony was inadmissible because it was based on specific instances of conduct rather than on the witness' general character for truthfulness. On this basis, we disagree.

Opinion testimony regarding a witness' truthfulness on a specific occasion rather than to the witness' general character for truthfulness is inadmissible. *See* CRE 608(a); *Tevlin v. People*, 715 P.2d 338 (Colo. 1986).

However, in *Honey v. People*, 713 P.2d 1300, 1302 (Colo.1986), our supreme court stated:

'[O]pinion testimony is a personal assessment of character. The opinion witness is not relating community feelings, the testimony is solely the impeachment witness' own impression of an individual's character for truthfulness.'

The *Honey* court held that the impeachment witness who had employed the witness for two months and had seen him at least once a week during that period had a sufficient foundation upon which to give adverse opinion testimony regarding the witness' character for truthfulness.

Here, the police officer testified as to his opinion of the informant's general character for truthfulness based upon his experience of working with him as an informant. The police officer testified that he had supervised the informant in approximately ten to twelve cases.

Defendant relies on *People v. Koon*, 724 P.2d 1367 (Colo.App.1986) for his contention that the police officer's opinion testimony should have been excluded. However, unlike the situation in *Koon*, the police officer here did not testify that the witness was being truthful as to a particular incident, nor did he state that the witness was being truthful with regard to his testimony at trial. *Compare People v. Fasy*, 829 P.2d 1314 (Colo.1992) (expert's testimony that sexual assault can trigger post-traumatic stress disorder and that victim's symptoms were consistent with

a child suffering from the disorder did not convey to the jury that the expert thought the child was being truthful) *with People v. Gallegos*, 644 P.2d 920, 927 (Colo.1982) ("it is clearly improper to admit an investigating officer's testimony attesting to the accuracy or credibility of witness statements"); *see also People v. Ross*, 745 P.2d 277 (Colo.App. 1987) (error to admit police officer's testimony as to the victim's truthfulness on the specific occasion of his investigation of the crime).

While at first glance it would appear to be incongruous to hold that the police officer's reputation testimony was inadmissible, yet the police officer's opinion testimony as to the informant's character for truthfulness was proper, our conclusion is based on the differing requirements underlying the admission of each and the objections, or lack thereof, made by defendant at the time the testimony was introduced. Because opinion testimony is more susceptible to cross-examination, there is more reason to conclude that it is admissible and to allow the jury to determine what weight, if any, it should be accorded. Reputation evidence is not nearly so impeachable.

Therefore, on the grounds raised here, we conclude that the trial court did not err in permitting the police officer to testify as to his opinion of the informant's general character for truthfulness. *See Honey v. People, supra.*

## II.

Next, defendant contends that the prosecutor made prejudicial and improper statements during closing argument that denied him a fair trial. We disagree.

When, as here, a defendant fails to object to alleged prosecutorial misconduct, we may review only for plain error. Prosecutorial misconduct constitutes plain error only when the misconduct is flagrant and glaringly or egregiously improper. *People v. Constant*, 645 P.2d 843 (Colo.1982), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982). Further, it must undermine the fundamental fairness of the trial itself so as

to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

Having reviewed the closing arguments in particular, and the record as a whole, we conclude that the prosecutor's comments were brief and do not constitute plain error. *See People v. Constant, supra.*

Judgment affirmed.

RULAND and ROTHENBERG, JJ., concur.