**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Paul K. JANES, Defendant–Appellant.**

**No. 95CA0430.**

Colorado Court of Appeals,
Div. III.

Feb. 6, 1997.

Rehearing Denied March 27, 1997.

Certiorari Denied Sept. 8, 1997.

1332

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jerry N. Jones, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Paul Janes, appeals the judgments entered on jury verdicts finding him guilty of two counts of sexual assault on a child by one in a position of trust and one count of pattern sexual assault on a child. We affirm.

Defendant was originally charged with three counts of sexual assault on a child by one in a position of trust and one count of pattern sexual assault on a child concerning an 11–year–old boy with whom he had become acquainted while both were attending the same church. The three convictions here at issue resulted.

## I.

Defendant first contends that the trial court erred in sustaining the prosecution's challenge for cause as to one juror and in excusing a second juror at the juror's request. We find no error.

■ The entire voir dire examination of a juror must be considered when reviewing the denial of a challenge for cause. *People v. Abbott,* 690 P.2d 1263 (Colo.1984); *People v. Schmidt,* 885 P.2d 312 (Colo.App.1994).

■ The ultimate test for determining whether a prospective juror should be disqualified for bias is whether that person will render a fair and impartial verdict according to the law and the evidence presented at trial. *People v. Fuller,* 791 P.2d 702 (Colo. 1990); *People v. Ned,* 923 P.2d 271 (Colo. App.1996).

■ The credibility and appearance of prospective jurors are best observed by the trial court, as it is in the best position fully to assess the state of mind of a potential juror. *People v. Sandoval,* 733 P.2d 319 (Colo.1987).

■ The trial court should sustain a challenge for cause if there exists a state of mind in the juror evincing enmity or bias toward the defendant or the prosecution. *People v. Sandoval, supra.* If the trial court has genuine doubt about the juror's ability to be impartial, it should resolve the doubt by sustaining the challenge and excusing the juror. *People v. Russo,* 713 P.2d 356 (Colo. 1986).

■ The trial court has broad discretion in ruling on challenges for cause, and its decision will not be reversed unless there is a clear abuse of discretion. *People v. Fuller, supra.* A court abuses its discretion when it renders a decision that is manifestly arbi-

trary, unreasonable, or unfair. *People v. Milton,* 732 P.2d 1199 (Colo.1987).

## A.

■ The first juror related that he had been told by his brother, who knew the victim, that the victim had a history of making bizarre allegations of the nature leading to this prosecution. The juror also said that he was familiar with four of the witnesses. When questioned by the prosecutor, the juror stated that he would try to be fair despite what his brother had told him.

We conclude that the trial court did not abuse its discretion in sustaining the prosecution's challenge for cause. We agree with the trial court that, although the juror stated that he would try to be fair, the statement of a close family member of a prospective juror as to the victim's reputation for veracity was sufficient to warrant excusing the juror for cause because such may be strongly indicative that the juror would be biased.

Thus, the trial court properly exercised its discretion in sustaining the challenge. Additionally, the fact that the juror also was familiar with four witnesses supports the trial court's exercise of its discretion in excusing the juror.

## B.

The second juror, a 77–year–old woman with an arthritic condition, requested that the trial court excuse her from jury service because she was unable to negotiate stairs on a regular basis. Because the courthouse had no elevator, she would have had to negotiate three flights of stairs from the parking lot to the courtroom. She felt that her arthritic condition, combined with her age, would prevent her from completing jury service. The trial court granted the prospective juror's request and excused her from jury service.

■ Section 13–71–104, C.R.S. (1996 Cum. Supp.) of the Colorado Uniform Jury Selection and Service Act (Act) provides that: "Physically impaired persons shall serve, except where the court finds that such service is not feasible." Thus, it is within the court's discretion to determine whether it is feasible

for a physically impaired person to serve on the jury.

The Act also provides, in § 13–71–105(2)(c), C.R.S. (1996 Cum.Supp.) that a prospective trial juror "shall" be disqualified because of a physical disability that renders the person unable to complete satisfactory juror service.

■ Absent an abuse of discretion, a reviewing court will not disturb a trial court's decision concerning a prospective juror's ability to render satisfactory jury service when questions of the juror's ability to serve are raised because of a physical disability. *See People v. Rodriguez,* 914 P.2d 230 (Colo. 1996).

Defendant presents three arguments to justify his contention that the trial court erred in granting the second juror's request to be excused from jury service: 1) that she was denied her constitutional and statutory rights to provide jury service; 2) that defendant was denied his right to an impartial jury; and 3) that the juror was denied her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–12165 (1990). We reject all three arguments.

■ First, the juror was not denied her statutory or constitutional rights to jury service. While a defendant may raise discriminatory exclusion of a potential juror on behalf of the juror under certain circumstances, *see Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), such is not appropriate here since the juror in question specifically requested that she not be required to serve because of her physical disability. Thus, the court did not violate any statutory or constitutional right of the juror by acceding to her request.

■ Defendant's second argument is that his right to an impartial jury was violated because the right to have a jury drawn from a fair cross-section of the community was violated. We disagree.

■ Defendant has not established the elements of a prima facie violation of the fair cross-section requirement, namely: 1) that the group alleged to be excluded is a distinct group in the community; 2) that the representation of this group in venires is not fair and reasonable in relation to the number of such persons in the community; and 3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *See Fields v. People,* 732 P.2d 1145 (Colo.1987). Also, defendant has failed to demonstrate the purposeful discrimination by the state necessary to support a claim of systematic exclusion. *People v. Rodriguez, supra.*

■ Finally, we reject defendant's third argument because he has no standing to assert a violation of the prospective juror's rights under the ADA.

■ As pertinent here, the ADA confers a substantive right only upon qualified individuals with a disability, and upon facilities based on their association with disabled individuals, when there is a statute granting an independent right of action. *See Kessler Institute for Rehabilitation, Inc. v. Mayor,* 876 F.Supp. 641 (D.N.J.1995); *Oak Ridge Care Center, Inc. v. Racine County,* 896 F.Supp. 867 (D.Wis.1995); *Tugg v. Towey,* 864 F.Supp. 1201 (S.D.Fla.1994). Thus, because defendant is not a member of the class of persons intended to be protected by the act, under the circumstances here, he may not assert a violation of the ADA as to the prospective juror.

## II.

■ Defendant next contends that the trial court erred in admitting evidence of prior bad acts committed by him. We find no error.

■ In cases involving sexual assault on a child, evidence of prior similar acts by defendant may be admissible, under § 16–10–301(3), C.R.S. (1996 Cum.Supp.) and CRE 404(b), when it is offered for the limited purpose of establishing a common plan, scheme, design, identity, *modus operandi,* motive, guilty knowledge, or intent. Intent and identity are material elements the prosecution must prove unless the same are explicitly stipulated to by the defendant, and both may be shown by evidence tending to prove a common plan, scheme, design, or *modus op-*

*erandi.* *People v. Snyder,* 874 P.2d 1076 (Colo.1994); *People v. Williams,* 899 P.2d 306 (Colo.App.1995).

█ In sexual assault cases, evidence of prior similar transactions may be admissible regardless of the age of the victim, *People v. Fell,* 832 P.2d 1015 (Colo.App.1991), and even when the other misconduct involved different victims. *People v. Williams, supra.*

█ Before admitting evidence of prior similar transactions or crimes, however, the court must be satisfied by a preponderance of the evidence that the other crimes occurred and that the defendant was the perpetrator, that the evidence of other crimes is being offered for a proper purpose and is logically relevant to the material issue of the case, that the logical relevance is independent of the intermediate inference of the defendant's bad character, and that the probative value of the other crime evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *People v. Garner,* 806 P.2d 366 (Colo.1991).

█ When determining whether to admit evidence of similar transactions in a sexual assault case, the trial court must consider the remoteness of the prior acts, the strength of the evidence of those acts, the similarities between the acts, the need for the evidence and efficiency of alternative proof, and the degree to which the evidence will rouse the jury to overmastering hostility. *Adrian v. People,* 770 P.2d 1243 (Colo.1989); *People v. Bolton,* 859 P.2d 311 (Colo.App.1993).

█ The trial court has discretion in ruling on the admissibility of similar transaction evidence and its rulings will be upheld absent an abuse of discretion. *People v. Rodriguez, supra.*

Here, before trial, the prosecution filed a notice of its intent to introduce evidence of prior similar acts, as required by § 16–10–301(4), C.R.S. (1996 Cum.Supp.). These acts involved prior sexual assaults on two other boys which occurred in 1985, resulting in criminal convictions against defendant.

After a hearing, the trial court entered an order allowing the admission of evidence of these acts. The court applied the test set forth in *People v. Spoto,* 795 P.2d 1314 (Colo. 1990) and found that the evidence was relevant to the issue of identity, as well as to show a common plan, scheme, or design, and *modus operandi,* finding that there were eight similarities between the prior convictions and the present case. These similarities, which are particularly relevant to show common plan or scheme, included the following:

1) the victims were all male;
2) their ages were approximately the same;
3) the victims were alleged to have been molested in the defendant's home;
4) the alleged molestation occurred while the defendant's wife and others were at home;
5) defendant preferred to engage in the same types of sexual behavior;
6) defendant is alleged to have offered money to the victim;
7) defendant is alleged to have sought the silence of the victims by using virtually the same language;
8) defendant is alleged to have either given or attempted to give hickeys on the victim's bodies.

In light of these similarities, it is "at least somewhat more probable that defendant was ... implementing the [common] plan in committing the crime[s] alleged [here]." *People v. Delgado,* 890 P.2d 141, 144 (Colo.App. 1994). Accordingly, we hold that the trial court properly exercised its discretion when it admitted the similar transactions evidence.

We also reject defendant's argument that the nearly seven-year time difference between the crimes charged and the prior similar acts negates a finding of a common scheme or design. Remoteness of the prior acts is only one of many factors the court should consider when exercising its discretion. *Adrian v. People, supra.* The record reveals that, here, remoteness does not negate the relevancy of the similar evidence.

█ Furthermore, the evidence is relevant to refute defendant's defense that the victim fabricated these sexual assault claims

when questioned by representatives of the department of social services concerning his sexual assault of his sister. Under § 16–10–301(3), C.R.S. (1996 Cum.Supp.), evidence of similar transactions may be introduced to refute defenses such as recent fabrication.

Defendant's reliance on *People v. Guilbeaux*, 761 P.2d 255 (Colo.App.1988) is misplaced. In *Guilbeaux*, a division of this court held that the trial court abused its discretion in admitting similar transaction evidence in a sexual assault case involving a child victim because the prejudicial effect substantially outweighed its probative value.

The *Guilbeaux* case is distinguishable in that there the evidence was not relevant to identity or intent, and the court found the evidence insufficient to show common scheme. Here, the evidence is relevant both as to identity and intent, and to show a common scheme or design.

Defendant also argues that the trial court erred because the probative value of the similar evidence was outweighed by its prejudicial effect. We disagree.

The probative value of the evidence is appropriately demonstrated by the trial court's list of eight similarities between this case and the prior convictions. *See People v. Snyder, supra.*

Thus, the trial court did not abuse its discretion when it admitted the evidence of similar transactions.

Accordingly, the judgment of the trial court is affirmed.

STERNBERG, C.J., and PLANK, J., concur.