T.E.P., and K.J.C., individually and on behalf of class of persons who were HIV positive or had AIDS at the time of their current marriages and/or became HIV positive or developed AIDS after they married their current spouses, Plaintiffs,

v.

Michael **LEAVITT,** Governor; and Janet C. Graham, Attorney General, Defendants.

No. 93–C–653A.

United States District Court, D. Utah, C.D.

Sept. 17, 1993.

Brian M. Barnard, John Pace, Utah Legal Clinic, Salt Lake City, for plaintiffs.

J. Mark Ward, Asst. Utah Atty. Gen., Carol Clawson, Sol. Gen., Salt Lake City, UT for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ALDON J. ANDERSON, Senior District Judge.

Defendants have moved this court for an order of summary judgment declaring Utah Code Ann. § 30–1–2(1) (1993 Supp.) void and invalid and enjoining further enforcement of the statute. Plaintiffs, representing two classes certified by the court by separate order, do not oppose the motion.

Having considered the motion, with accompanying memorandum of law, the court is persuaded that Utah Code Ann. § 30–1–2(1), which prohibits and declares void marriage by persons with acquired immune deficiency syndrome (AIDS), is violative of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA) (1993 Supp.), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (1993 Supp.) In that regard, the ADA provides that a public entity may not discriminate against a qualified individual with a disability. 42 U.S.C. § 12132. Disability has been defined as a "physical or mental impairment that substantially limits one or more of the major life activities." 28 C.F.R. § 35.104 (implementing regulation for Title II of ADA). AIDS is such a physical impairment. *See* 28 C.F.R. § 35.104(1)(B)(ii).

Under Article VI of the United States Constitution, federal law takes precedence over conflicting state law. Accordingly, Utah Code Ann. § 30–1–2(1), as it applies to AIDS, cannot stand. Further, because the offending statute runs afoul of federal statutory law, there is no need to determine whether the statute is unconstitutional under either the Utah State Constitution or the United States Constitution.

Based on the foregoing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion for summary judgment is granted. Utah Code Ann. § 30–1–2(1), as it relates to AIDS, is void and invalid. Defendants' are permanently enjoined from enforcing said statute against named plaintiffs, and the members of Plaintiff Class No. 1 and Plaintiff Class No. 2, as that statute relates to AIDS, and those with the HIV disease.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the marriages of all members of Plaintiff Class 1, and the marriages of all parents of Plaintiff Class No. 2, are deemed valid and legal from the date of their inception in all respects as though such marriages had been duly and legally contracted in the first instance.